ADA R. OSANN et al., Plaintiffs, *v.* SEARS, ROEBUCK AND Co. et al., Defendants.

Supreme Court, Special Term, Westchester County, December 9, 1953.

*Monroe J. Cahn* for plaintiffs.

*Oliver K. King* for defendants.

DOSCHER, J. The above-entitled action was tried before this court without a jury. After trial a decision was rendered in favor of defendant. Plaintiffs now move, pursuant to section 549 of the Civil Practice Act for a new trial, or, if that be denied,

for an order directing the taking of additional testimony, and for a new or modified decision granting judgment to plaintiffs.

The heart of the application is the prayer that additional testimony be taken. The authority for such action was created effective September 1, 1951. No reported decisions on this type of application have been called to the court's attention.

Prior to the enactment of the authority to take additional testimony (Civ. Prac. Act, § 549), motions for a new trial on the judge's minutes were limited to jury cases. With the amendment, a judge, in order to avoid the delay and expense of an appeal, may now correct, in a nonjury case, his own or other errors.

In a jury case, the errors can be corrected, after the discharge of the jury, only by submitting the action to a new group of triers of the facts, i.e., granting a new trial before a new jury. In a nonjury case, a different situation is prevalent. The court, the trier of the facts, continues in office and may correct its own, or other, errors. Unlike a jury case, where a jury cannot be called back to hear additional testimony, the court can do so.

It would appear, therefore, that the power to take additional testimony bears a distinct relation to the power to grant a new trial. It was intended thereby to save, in nonjury cases, the time of the court in hearing testimony already given. Additional testimony is to be taken to correct errors.

In the case at bar, counsel for plaintiffs disagree with the court's findings. This he has a perfect right to do. In the present application, he points out neither error in the admission or rejection of testimony nor that the testimony he desires taken was not previously available under due process.

While not in his moving papers, the true purpose of the application appears in his reply memorandum. In it he says "initially, Gudeman is to be examined; whether others should also be examined will depend on what he says". In other words, after a court has rendered a decision, plaintiffs' counsel would convert it into an investigative agency. If this were permitted, when would a nonjury case end? It is the function of a court (in a nonjury case) to hear and determine the facts presented to it and apply the law to the ultimate facts. Under our present liberal rules, all the facts may be ferreted out before trial. Litigants should not be permitted, in the absence of error, or other good cause, more than one opportunity to present their facts.

Without the additional testimony (and without in any way indicating whether such additional testimony might change the ultimate result), there was in this court's opinion, no error in the decision.

Motion denied. Settle order on notice.