JAMES P. FOGARTY, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 31379.)

Court of Claims, January 5, 1954.

*James H. O'Connor* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Harold S. Coyne* of counsel), for defendant.

MAJOR, J. This is a claim for personal injuries and property damage sustained by the claimant as the result of an accident on New York State Highway Route 174. The portion of said route where the accident took place is also known as North Street in the village of Marcellus, New York.

The evidence in this claim was heard on October 1, 1953, at the Syracuse term of this court, and at the close of the case, the State moved for a dismissal of the claim on several grounds, particularly for the reason that the accident was caused by an alleged defect in the shoulder adjoining a State highway within the corporate limits of the village of Marcellus, and that under section 58 of the Highway Law, the State was not liable for damages caused by the condition of the shoulder of the road within the limits of an incorporated village.

The motion of the State was thereupon granted without any opposition on the part of the claimant's attorney, upon the sole ground that section 58 of the Highway Law applied, and not upon the merits. Judgment has not been entered.

During the same term of court at which this claim was tried, the attorneys for the respective parties voluntarily appeared before the Judge presiding at the trial, and the claimant's attorney moved for a reconsideration of the court's decision, pursuant to section 549. of the Civil Practice Act. The court decided to hear arguments on reopening and reconsidering the matter, and directed the attorneys to prepare and serve the usual notice of motion, affidavits and other necessary papers in the regular manner, and the matter was set down for argument on October 22, 1953, at the courthouse in Syracuse, New York, but by mutual consent, the hearing was adjourned to and held at the Judge's chambers.

On the hearing of the motion, the claimant was represented by his attorney, James H. O'Connor, Esq., and the State of New York was represented by Harold S. Coyne, Esq., assistant attorney-general. In opposition to the claimant's motion, the State contended that, upon the granting of the State's motion for dismissal and the entry thereof in the minutes of the trial, the claimant having failed to take an exception to the court's ruling at the time it was made, or to make a motion to set it aside, the court has no power to grant leave to reargue the dismissal. The State further contended that the claimant's

two sole remedies are: (1) an appeal; and (2) a motion to reopen the case on the grounds of newly discovered evidence.

Subdivision 9 of section 9 of the Court of Claims Act provides: " except as otherwise provided by this act or by rules of this court or the civil practice act, the practice shall be the same as in the supreme court."

The court finds nothing which excepts section 549 of the Civil Practice Act from application to the Court of Claims. There being no jury and no judgment having been entered, the court is authorized to grant the claimant's application to reopen and reconsider its decision.

The claimant maintains: that the exemption from liability under section 58 of the Highway Law does not apply in that the hole in the shoulder of the road located in an incorporated village, was one of the causes contributing to his accident; and that the State, by issuing a permit to make the water pipe connection between a residence on land adjoining the highway with the water main, contemplated the breaking of the paved portion of the road across said highway and the placing of a temporary barricade during the operation.

The diversion of traffic around the excavation or barricade and even onto the shoulder of the road should also be expected. Such dangers must be guarded against and cannot be delegated. These facts change the limitations contained in section 58 of the Highway Law when read together with section 8 of the Court of Claims Act; and, in a proper case, the State could become a joint tort-feasor with the village. (*Dunn* v. *State of New York,* 52 N. Y. S. 2d 128; *Miller* v. *State of New York,* 247 N. Y. S. 399, affd. 231 App. Div. 363; *Karl* v. *State of New York,* 279 N. Y. 555; *Wasnick* v. *State of New York,* 52 N. Y. S. 2d 32, affd. 295 N. Y. 902.)

This law would apply if the court should find that the operation for which the permit was issued, or the barricade erected by the contractor during the work, was the proximate cause of this accident. In the light of these facts and the law, the court feels, in all fairness to the claimant, that his motion to reconsider the decision herein made at the close of the case should be and, therefore, is granted.

The attorneys having indicated that they have no further testimony or evidence to submit, the court must now decide the claim upon its merits.

After reviewing all of the credible evidence and exhibits presented, the court finds that on March 27, 1952, in daylight in the afternoon, the claimant was driving his 1940 Chevrolet sedan

southerly along State Highway Route 174 and within the corporate limits of the village of Marcellus. He came to a barricade which extended from the easterly edge to about the middle of the State road, at about the vertex of a curve swinging to the east. As the claimant passed the barricade, another car was approaching from the opposite direction, and the claimant went off the paved portion of the highway and onto the adjoining westerly shoulder. The claimant also stated that his motor vehicle went into a mudhole at about the extreme outside edge of the shoulder. Claimant's car then continued ahead in substantially a straight line for about thirty-five feet, as shown by exhibit number five, collided with a pole and then crossed the highway and ran into a tree. There were no signs or warnings of any kind, with the exception of the barricade on the east portion of the highway. It was early spring, the shoulder was soft, wet and muddy. The depression in the shoulder referred to as the " hole " had been there about ten days to two weeks. The barricade had been placed on the highway pursuant to a written permit from the State to the village of Marcellus for the installation of the water line between a house along said highway and the water main. The hole in the shoulder was located in front of another building on the opposite side of the street and several feet south of the location for which the permit was issued.

The claimant had adequate sight distance and sufficient opportunity to avoid the accident had his car been under control and driven as a careful and prudent man would drive under similar circumstances. The presence of the barricade, or the absence of signs or warnings, or the condition of the shoulder, was not the proximate cause of this accident. The claimant was well acquainted with the highway, and as he approached the bridge and curve prior to the scene of the accident, it became his duty to slow down. (Vehicle and Traffic Law, § 67, subd. 1.) This statutory requirement was intended to direct a driver of a motor vehicle approaching a curve to bring his car under such control that he would be prepared to stop if danger suddenly confronts him. (*Vande Walker* v. *State of New York*, 2 N. Y. S. 2d 477.) Furthermore, the claimant owed a duty to himself and to others using the highway not to travel at a speed greater than would permit him to bring the vehicle to a stop without injury to another *or his property*. (Vehicle and Traffic Law, § 56, subd. 1.) It was the season of the year when shoulders are generally wet, muddy and soft. Construction work on both sides of the road was plainly visible. Had the claimant been using proper

caution and care before or at the time of the accident, neither he nor his property would have been injured or damaged.

The action of claimant before, at the time of, and after coming in contact with the hole establishes lack of proper caution and care required of a prudent driver under similar circumstances. The claimant was guilty of negligence and his claim must, therefore, be dismissed.

The foregoing constitutes the written and signed decision of this court, upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.