ERNEST L. CLARK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 37203.)

FRANK P. THOM et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 37940.)

FIRST NATIONAL CITY TRUST COMPANY, as Trustee for JOHN J. ASTOR and Others, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 37993.)

Court of Claims, July 6, 1962.

*Francis Preston* and *Louis Young* for Ernest L. Clark, claimant. *Melvin & Melvin* (*Louis Young* of counsel), for Frank P. Thom and another, and for First National City Trust Company, as trustee, claimants. *Louis J. Lefkowitz, Attorney-General* (by *Edward D. Siemer, Special Assistant Attorney-General for State of New York*) and *Thomas F. Moore, Jr., Attorney for Power Authority of State of New York* (by *Edward D. Siemer* of counsel), for defendant.

RICHARD S. HELLER, J. The above-entitled actions were tried before this court without a jury and were to be considered so-called test cases on the Tie Line of the State Power Authority which runs from Niagara Falls to just west of Utica.

These three cases were chosen as representing three different types of property, i.e., Clark, farm property; Thom, residential subdivision property; and First National City Trust Company, etc., industrial property.

In each case a decision was rendered in favor of the claimant for actual damages for the land appropriated together with consequential damages in each case which included severance damage in the Clark and Thom claims (33 Misc 2d 129, 134, 402).

The State of New York now moves, pursuant to section 549 of the Civil Practice Act, for a new trial, or, if that be denied, for an order directing the taking of additional testimony and for a new and modified decision.

Under section 549 of the Civil Practice Act a judge presiding at a trial without a jury " in his discretion " may entertain a motion made upon his minutes within the time prescribed by the Rules of Civil Practice to set aside the verdict, decision or a direction dismissing the complaint and grant a new trial upon exceptions, or because the verdict or decision is for excessive or insufficient damages or otherwise contrary to the evidence or contrary to law. Upon the hearing of such a motion, where there was no jury, the court may set aside the decision, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions and render a new decision.

This has been held to be applicable to the Court of Claims. (*Fogarty* v. *State of New York*, 205 Misc. 120.)

The State of New York by this application has offered to enter into an agreement with all three claimants to modify what the court has held to be an easement so broad and so comprehensive as to constitute a fee taking.

This does not constitute new evidence in any sense of the word, rather the State by its own action wishes to create evidence available to it at the time of trial by which the award would be diminished.

On this basis it should actually be reviewed as analogous to a motion to amend the pleadings. What the State is asking is that it change the cause of action which existed and on which the claimants in these cases filed their claims. The action which the State now says that it intends or will take in terms of limiting the extent of the easement taken would require a completely new trial since the claimant has submitted no evidence on any different facts than existed from the time of the appropriation and a change of those facts would necessarily require a filing of a new claim and the presentation of additional evidence by the claimants.

As a basis for this contention the State refers to *Spinner* v. *State of New York* (4 A D 2d 987). In its decision the Appellate Division wrote the following (p. 988): "We believe that the damages allowed are inadequate, upon the present record. If the State wishes to limit its rights under the easement to the continuance of the presently existing use or to the prospective use envisaged by its expert, it should do so by formal action, by deed, release or otherwise. In the absence of such modification, the damage must be evaluated on the basis of what the State has the right to do under these terms of the easement as appropriated (cf. *Dillenbeck* v. *State of New York*, 193 Misc. 542, affd. 275 App. Div. 871; *Robinson* v. *State of New York*, 3 A D 2d 326). On the other hand, if the easement is limited to the present use, the amount of the present award may be found to be excessive."

In the *Spinner* case the Appellate Division reversed on the law and the facts and directed a new trial pursuant to the claimant's appeal with the State's appeal dismissed.

The court feels that the warning issued in the *Spinner* case was in fact an admonition to the State that in the future its easements should state the exact use of the appropriation. The court does not feel that the *Spinner* case is an automatic blank check to reverse every case where the State has taken more than it needed.

The State at any time during the trial could have submitted a limitation on the easement. It is believed that this would be in line with the reasoning as set forth in Nichols 1, Eminent Domain (vol. 3, § 8.2, pp. 12–13) where it is stated: "When, however, it is desired to diminish the amount of the money to be paid by yielding to the owner certain rights in the property taken or by providing that the condemnor shall perform some service for him, closer questions may arise. If a definite taking has been actually made, or the relations of the parties are irrevocably fixed by the petition and the adjudication of the right to condemn, the condemnor cannot mitigate the damages by offering to stipulate to use the property to a less extent than the easement taken would justify, or to grant back certain rights or easements in the property as a partial compensation, or to build something for the owner to replace a convenience that he has lost. On the other hand, it is open to the public agency that makes the taking to limit the extent of the taking to the precise easement required, and the rights that are thereby left to the owner he does not receive payment for. If, by the local substantive law, the condemnor may decrease the character or extent of the taking by an amendment of its petition or by a stipulation filed in court after the adjudication of the right to condemn or

even after the hearing on damages has begun, the damages may be reduced by such amendment or stipulation. The result in the latter case is the same as far as both parties are concerned as if the fee had been taken and then certain rights thrust back at the owner as part of the compensation, but the distinction drawn, though one of form rather than substance, is a plain one.''

The record in each case indicates on many occasions that the State intended to rely on the wording of the easement and upon the statement of counsel that only two power lines would ever be erected on the right of way.

The offer of the State to limit the easement, if not allowed in these cases, could be available to the State in the future.

Presumably such a limitation could be accomplished by a unilateral action of the State by filing some kind of an instrument in the County Clerk's office in the nature of a deed of correction. This would probably not be possible had the taking been in fee since under such circumstances the State would be disposing of State property and would then have to follow the provisions of statute. Formerly, however, where an easement or a part thereof is abandoned, the interest that is so effected reverts to the property owner without any act on his part and thus could be accomplished by a unilateral action.

We are then faced with a question as to whether or not this court has any power to permit the State to now change the facts on which a claim would be prosecuted which would in effect require an amendment of the claim as filed by the claimants and a presentation of new evidence based upon the changed facts.

The only reason for seriously considering such a power and its existence in this court is the decided possibility of the existence of a windfall for two of these claimants, to the detriment of the People of the State of New York. The Power Authority has made reference to the numerous other situations involved in the establishment of these tie-line routes. Presumably all of these can be rectified in accordance with the decisions in these three cases without any difficulty. Since no other cases have been reached for trial, the State may now undertake to limit the easement which it appropriated in each such case which is pending, by filing the proper instruments in the appropriate County Clerk's office. So far as the persons who have voluntarily given such easements, the State can presumably file instruments of correction delineating the nature of the interest acquired by the State in accordance with what they actually need rather than what they have appropriated, and, based upon the affidavit, this would apparently be in accordance with what the State represents the effect of the instrument to be.

The State has not furnished any proposed instrument of modification to the court from which it could be determined that the damage shown on the present ultimate facts and record title would be diminished.

The motion in each case is denied. (*Osann* v. *Sears, Roebuck & Co.*, 205 Misc. 33.)