Ronald E. Coleman, J.
This claim was duly filed on April 21, 1960 and has not been assigned or submitted to any other court *587 or tribunal for audit or determination. Pursuant to section 30 of the Highway Law and acts amendatory thereto as made applicable by section 1007 of the Public Authorities Law, the State of New York duly appropriated a certain portion of claimant’s property situate in the Town of Niagara, County of Niagara, State of New York, by taking the fee to the property as described on Map No. 435 as Parcel No. 435, Niagara Power Project. The appropriation map was filed in the office of the Clerk of the County of Niagara on November 14, 1958 and was served on the claimant. The court adopts the description of the appropriated property shown and set forth on the map filed in the Niagara County Clerk’s office and reference is hereby made thereto for such description without repetition thereof. The court has viewed the premises.
Claimant owned the property by reason of a deed dated September 26, 1950 and recorded in the County Clerk’s office of Niagara County in Liber 1002 of Deeds at page 241. Prior to the appropriation claimant owned Lots Nos. 5 through 24 as shown on a map of the Highland Subdivision filed in Niagara County Clerk’s office on June 8,1896. The property was located on Witmer Boad, being separated therefrom by a strip of land 18 feet in width owned by the New York Central Bailroad Company and on which no railroad siding had been constructed. On the easterly side of the lots owned by the claimant was James Avenue, formerly known as Highland Avenue, which was a paper street apparently never having been dedicated or accepted and never opened as a public street. The deed to the New York Central Bailroad conveying the 18-foot strip in 1943 provided that the same was subject “ to the rights of the public, if any,” in and to that portion lying within the limits of Highland Avenue.
While still using the 18-foot strip for ingress and egress from his property to Witmer Boad at the time of the appropriation, with the apparent consent of the railroad, claimant at the time of the appropriation did have a right of access to his property over James Avenue, formerly Highland Avenue. The State by Map No. 535, Parcel No. 535, appropriated in fee 0.418± acres of land from his property adjacent to the 18-foot strip and in doing so has cut off his only access to Witmer Boad. The best available use of claimant’s property at the time of the appropriation was for an industrial scrap yard as being so used.
On the property appropriated were located a cinder block building 80 by 26 feet, used as an office and for some storage, a loading platform, a scale pit and some fencing, all of which was taken by the appropriation. Prior to the appropriation claimant loaded 70% of his processed materials on railroad cars on a siding *588 located 200 feet southerly of his property and on Witmer Road. It was urged by the State that he had access from his remaining property on the rear to Hyde Park Boulevard by way of the paper street known as James Avenue and also by way of another paper street known as Montgomery Street to Maryland Avenue and to Witmer Road. Claimant’s property had no frontage on the paper Montgomery Street and in fact the supposed location of the street was occupied in whole by a dump used for burning refuse by the City of Niagara Falls.
While the State contended that the best route was James Avenue to Hyde Park Boulevard which was a distance of approximately a quarter of a mile, over which no street had been constructed or opened, admittedly the construction of such a street, assuming claimant had the legal right to do so, could be done only at a prohibitive cost which undoubtedly would exceed the value of his property at the time of the appropriation. We have viewed the area and on all the credible evidence we find that as a result of the appropriation claimant has no suitable or reasonable means of access to his remaining property by or to a public road. As a result of the appropriation claimant’s property is no longer suitable for use as an industrial scrap yard and has little value for any other use.
Claimant’s land apparently was appropriated for use by the Niagara Mohawk Power Corporation in connection with the construction of an additional high tension line adjacent to a presently existing one at some future date, at which time the State would deed this land to that corporation. During the trial attempts were made in conferences held by the court with the respective attorneys to assure claimant of a continued access to his property directly from Witmer Road, to ascertain the location of the proposed high tension tower to be constructed upon the land appropriated from the claimant. These efforts produced no results mainly because it was impossible to ascertain from Niagara Mohawk Power Corporation the exact location of its proposed future tower at this location. At the conclusion of the trial the State offered to the claimant ‘ ‘ an easement for purposes of ingress and egress via foot, vehicle, or any other means, perpetual easement for ingress and egress over the remainder of his property over the southerly 20 feet of the property which we have taken in this proceeding.” This offer was made by counsel on the authority of Spinner v. State of New York (4 A D 2d 987) in which the court discussed a modification of the terms of an easement as appropriated. The offer was rejected by the claimant. It was made at the close of the trial apparently for the purpose of changing the facts on which the claim should be *589 decided, would in effect require an amendment to the claim as filed by the claimant and a presentation of evidence upon a new trial based upon the changed facts. (Clark v. State of New York, 35 Misc 2d 577, 580.) Indeed, the two-day trial herein would then become academic. We offered the State an opportunity to make any additional proof it desired to in view of its offer, but none was made. However, as this property was taken in fee the offer to grant an easement would amount to the disposing of State property and would have to be done in accordance with the provisions of statute (e.g., Public Authorities Law, § 1007, subd. 10). No explanation was given to the court as to how all this was to be done. Certainly, the statement of counsel at the conclusion of the two-day trial was not in compliance with the applicable statutes and furnished no help to the court in deciding this claim. The offer so made has not been considered by us and damages have been evaluated on the basis of what the State has the right to do under the terms of the fee appropriated for the Devil’s Hole Transmission Line. We have given no consideration to claimant’s comparable sales 9, 17 and 20 received over objection of the State upon which decision was reserved.
At the time of the appropriation herein the fair and reasonable market value of claimant’s property was $43,000, immediately after the appropriation it was $1,500. Claimant has had the use of his property including that appropriated by the State up until the trial and for that reason we have not allowed interest on the award to the date of trial. By reason of the appropriation herein claimant has been damaged in the sum of $41,500 for land taken and consequential damages to the remainder for which he should have an award, with interest thereon from the date of this memorandum decision to the entry of judgment herein.
The claimant and the State were allowed time in which to file proposed findings of fact and conclusions of law and none were filed within the time allowed.