■ SAMUEL J. WINEBURGH, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 37747.) — Judgment unanimously modified on the law and facts, by fixing the damage for the direct appropriation at $24,000, with costs to claimant, and matter remitted to the Court of Claims for further proceedings in accordance with the memorandum. Certain finding of fact disapproved and reversed and new finding made. Memorandum: This is an appeal from a judgment awarding the claimant damages for the appropriation of land and its consequences. At the outset we point out that the award is in

one sum and does not indicate the amount of damage suffered by the direct appropriation or the consequential damage. Awards made in this way have become common. It is extremely difficult in many instances to review such an award and we disapprove of this practice. Separate findings should be made as to the amount awarded for the direct taking and for the amount allowed as consequential damages setting forth the basis or theory for such allowance. This case is typical. The award is for $41,500 and we do not have the benefit of the court's determination as to how much of that amount represents the damage for the direct appropriation or the consequence. In 1896 the area in which claimant's land lies was subdivided into residential type lots and a subdivision map was filed in the Niagara County Clerk's office. The subdivision never developed as a residential area. Indeed it is now zoned industrial. In 1950 the claimant acquired title to 20 lots which were described in his deed by reference to the subdivision map. Since that time he has operated an industrial scrap yard on the property. It is conceded that this is the highest and best use of the land. The proof discloses very little dispute as to direct damage and thus we have no difficulty in fixing this damage at $24,000. The problem involved based on this record is with respect to consequential damage, if any. The subdivision map referred to in claimant's deed shows streets laid out for the subdivision lots. Among these is Highland Avenue (now called James Ave.) which abuts claimant's property on the north. It is concededly unimproved and has never been dedicated for public use. The claimant has never used this avenue as a means of access to his property. The five easterly lots of the claimant have been appropriated. Witmer Road, a public highway, is east of these lots. By a deed dated August 20, 1941 Paul and Penn Schoellkopf deeded to the Niagara Falls Power Company an 18-foot strip of land along the entire easterly boundary of the subdivision. They were not the original subdividers. This strip was subsequently deeded to the New York Central Railroad, the present owner. By sufferance the claimant has always crossed this strip as direct access from his land to Witmer Road. The Schoellkopf deed was made subject to the rights of the public in and to portions of the land within the limits of the streets shown on the subdivision map including Highland Avenue (now James Ave.). This deed had been recorded when claimant acquired title. His deed described and conveyed only subdivision lots and made no reference to Highland Avenue. It excepted the 18-foot strip adjacent to Witmer Road. The State and Power Authority contend that the legal effect of this is that claimant has no access from his remaining land to Witmer Road by the use of Highland (now James) Avenue. We disagree and conclude that the claimant does have this means of access and it was not extinguished by the Schoellkopf deed. From the proof in this record it cannot be determined whether this right of access has been destroyed, substantially impaired or remains unaffected. Neither can it be determined whether other suitable access is available even if it was found that the access to Witmer Road has been destroyed or substantially impaired. It is clear that if other suitable access is available even though its use would be inconvenient to the claimant he is not damaged. The proof as to claimant's contention that the land left to him is not enough for his type of operation is also inadequate and unsatisfactory. These questions require careful exploration in determining whether the claimant has suffered consequential damage and, if so, in what amount. Because of the inadequate presentation in the record before us we do not pass upon the question that was argued upon the appeal relating to the present position of a certain transmission tower. This too requires further exploration. Thus the judgment should be modified by fixing the damage for the direct appropriation at $24,000 and the matter remitted for a determination

of the amount of consequential damage, if any. (Appeal from judgment of Court of Claims for claimant in an action for damages for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ. [37 Misc 2d 586.]