Henry W. Lengyel, J.
This is a claim for the appropriation of claimants ’ land pursuant to section 30 of the Highway Law, which proceeding is described as Rochester City: Inner Loop, North Street to George Street, Monroe County, Map No. 440. Parcel No. 447.
The aforesaid map and description were filed in the office of the Secretary of State on October 18, 1961 and in the office of the County Clerk of Monroe County on December 20,1961. The claim was filed with the Clerk of the Court of Claims and the Attorney-General on June 19, 1962, and has not been assigned or submitted to any other court or tribunal for audit or determination. We adopt the description of the appropriated property as shown on the map and description filed in the Monroe County Clerk’s office, a copy of which is attached to the claim and same is incorporated herein by reference.
Claimants were the owners of the property by reason of a deed dated June 3, 1941, from the East Side Savings Bank of *253 Rochester, grantor, to Jacob Raffelson, grantee, recorded in the Monroe County Clerk’s office on June 3, 1941, in Liber 1833 of Deeds at page 520; and, by reason of a deed dated June 3, 1941 from Jacob Raffelson, grantor, to David Stone, grantee, recorded on April 5, 1944 in Liber 2176 of Deeds, page 47, in the Monroe County Clerk’s office. This last-described deed conveyed an undivided one-half interest in said property.
Jacob Raffelson died after this claim was initiated. Marshall Raffelson as ancillary executor was substituted as one of the parties to the claim by order of this court dated April 28, 1964.
Before the appropriation the property consisted of 2,472.50± square feet bounded on the east by Union Street South (70.92 feet frontage); on the south by Court Street (35.12 feet frontage) ; on the north by East Avenue (32.54 feet frontage); and, on the west by property reputedly owned by a Robert Clifford. The improvement on the subject property was a 4-story and basement brick building. The building was divided into 2 stores on the ground floor, one at the corner of East Avenue and Union Street and, the other, on East Avenue extending through to Court Street. There were 10 apartments on the upper floors, 9 of which were rented at the date of appropriation. There were no elevators in the building which was approximately 75 years old and in poor to fair condition. All of claimants’ land and improvement was taken by the appropriation.
During the trial claimants’ appraiser testified to a highest and best use of subject property as a commercial use which could bo developed by this property being used in conjunction with adjoining property and gave the land an enhanced value based on this assemblage possibility. The State objected to this testimony on the ground there was no unity of ownership between subject property and adjoining property. The court’s first inclination, based upon Kessler v. State of New York (21 A D 2d 568 [3d Dept.]), was to sustain the State’s objection. However, claimants’ counsel drew the case of Matter of Niagara Lockport & Ontario Power Co. v. Horton (231 App. Div. 402 [4th Dept.]) to the court’s attention. We, thereupon, reserved decision on the State’s objection, the matter to be resolved upon our final decision, and permitted claimants’ appraiser to continue with his testimony.
Upon reading the aforesaid cases there does not appear to this court to be an irreconcilable conflict between the Appellate Divisions in this respect.
In Matter of Niagara v. Horton (supra, p. 405) the court stated: “But defendants are entitled to the fair market value of their land for its highest and best available use. And this is *254 true even though that best available use be use in connection with other lands, whether owned by defendants or by plaintiff or by strangers to the parties. The defendants are not entitled to have for their land what it may be worth to the plaintiff, nor what it would damage plaintiff not to be able to obtain it. They are entitled to what it is worth on the market for the best use to which it is adaptable.”
In Kessler v. State of New York (21 A D 2d 568, supra) the lower court considered claimant’s land together with adjoining lands as one potential subdivision, valued the potential subdivision as a whole and then allocated part of the value to claimant’s land. The Appellate Division reversed and stated at page 570 the following:
“ The law generally seems to sustain the theory that there must be unity of ownership. [Citing eases.] * * *
“ In unique circumstances such as those, where one individual may well have actual ownership over several parcels, it would be unrealistic to treat the parcels as separately owned. But that is not the situation here where treating separately owned parcels of land as a single tract might result in a windfall of sorts to the party who has interest in one parcel but not the other. * * *
‘ ‘ In condemnation proceedings where contiguous property, separately owned, is valued as a single tract, an opportunity is afforded for the awarding of damages in a more substantial amount than what would be the fair and reasonable value of the property when separately considered.”
At first blush it would appear that the Third Department requires unity of ownership in a situation as has been presented in subject case while the Fourth Department does not require such unity of ownership. However, upon a careful analysis we do not believe that to be the situation. The Kessler case stands for the proposition that one cannot value contiguous parcels of land as “ a single tract ” and then allocate from the whole figure a mathematical share to each of the separate parcels, unless there is unity of ownership of the “ single tract ”. If this same question had been submitted in the Matter of Niagara (supra), to the Third Department we believe it would have arrived at the same conclusion. We point to page 405 of said decision wherein that court stated: “Defendants are not entitled to a valuation mathematically fixed and determined by the proportionate contribution of their land to a completed plant, to be erected by means of plaintiff’s capital, at plaintiff’s business risk, upon the combined lands of defendants and plaintiff”. The Kessler case (supra) does not, in our opinion, hold that a *255 smaller piece appropriated cannot be given an increment of value or an enhanced value because of the possibility of its use with contiguous land. We think such an enhancement in value is correct and follow Matter of Niagara (supra) in this respect. We, therefore, overrule the State’s objection to claimants’ appraiser’s testimony.
As we believe there was a reasonable expectation of a demand within a reasonable time for subject land to be used as part of a commercial assemblage we find a highest and best use of claimants’ land prior to the appropriation as a commercial use enhanced as a key piece of land to be used in conjunction with adjoining property. We find the fair and reasonable market value of said property prior to the appropriation to be $50,000. In determining both this highest and best use and market value we have considered all of the relative comparable sales presented to us; the key location of subject property which had frontage on three city streets; the proximity of subject property to the center of downtown Rochester; and, the expansion being carried out in the downtown area of the City of Rochester. We have viewed the property.
We noted the State’s appraisers’ value of $8,000 on claimants’ land, land which was assessed for tax purposes at $19,340. We consider such an appraisal as unrealistic.
We do not agree with claimants’ appraiser who allocated a higher land value to subject property because of its assemblage potential and also allocated a value of $50,000 to the building on this land. This puts the claimants in the position of ‘‘ having their cake and eating it too ”. A most enviable position which is refused by this court. In our opinion this building was an underimprovement on subject property with no value in relation to the highest and best use of said property.
The claimants are awarded the sum of $50,000 for all damages with interest thereon from December 20, 1961 to the date of entry of judgment herein.
The award to claimants herein is exclusive of the claims, if any, of persons other than owners of the appropriated property, their tenants, mortgagees and lienors having any right or interest in any stream, lake, drainage and irrigation ditch or channel, street, road, highway, or public or private right of way or the bed thereof within the limits of the appropriated property or contiguous thereto; and is exclusive also of claims, if any, for the value of or damage to easements and appurtenant facilities for the construction, operation and maintenance of publicly owned or public service electric, telephone, telegraph, pipe, water, sewer and railroad lines.