■ ROSE S. BECKER, Also Known as ROSE STONE, Individually and as Executor of DAVID STONE, Deceased, et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 40661.) — Judgment affirmed, without costs of these appeals to any party. Memorandum: We agree with the conclusion of the trial court that the fair and reasonable market value of the property at the time of appropriation was the sum of $50,000. We further agree that the highest and best use of the property was commercial but upon the scanty proof on the subject we disapprove the further finding that such use was enhanced as a key piece of land to be used in conjunction with adjoining property. There was ample other proof in the record, however, to sustain the value as fixed by the trial court. All concur, except Goldman, J., who dissents and votes to modify in accordance with the following Memorandum: In my judgment the award is inadequate. In arriving at fair market value I do not adopt the alternate "land to be used in conjunction with others" approach of the claimants and the trial court, but base my determination on the valuation of the subject property as a single unit, as was its use on the appropriation date. The subject property was located on one of the busiest and most heavily travelled intersections in the City of Rochester. It was situated on a triangular tract and fronted on East Avenue, which historically has always been and still is one of the principal arteries of east and west traffic in the city, and one side was bounded by Union Street and its rear was on Court Street. It had entrances on all three streets and the traffic count at East Avenue and Union Street and Union and Court Streets is as high as any intersection in the city. "The improvement on the subject property was a 4-story and basement brick building" with two stores on the ground floor extending from East Avenue through to Court Street with entrances on both streets. There were 10 apartments on the upper floors, 9 of which were

rented at the date of the appropriation and the building "was approximately 75 years old and in poor to fair condition." The quoted portion above is taken from the trial court's decision. The State's appraiser testified that the depreciated value of the building was $27,740. Although I believe this amount to be low, I accept this proof of valuation of the structure as a partial basis for my determination. In this connection, the trial court erred in excluding claimants' testimony bearing on reasonable rental income as affected by the proposed appropriation. "The imminent taking of the property in condemnation * * * may well have prevented the owner from procuring tenants" (*Matter of City of New York [Major Deegan Blvd.]*, 1 A D 2d 807; see, also, 4 Nichols, Eminent Domain, § 12.314). A realistic approach to the value of this property, uniquely located as it was, clearly indicates that the more valuable part of the property was the land and not the building. The land was assessed at $19,340, and although the State's appraiser agreed that the tax equalization rate was approximately 40%, he nevertheless testified that the land was worth only $8,000 or $3.24 a square foot. I concur with the Trial Judge's statement in his decision that "We consider such an appraisal as unrealistic." Although there was testimony offered by both sides as to comparables, it is quite evident from the location of this property that there is truly no similar piece of property in Rochester. An award of $40,000 for the land would have been within the range of the proof and, in my judgment, a reasonable valuation. Using this amount for the land and the State's figure of $27,740 for the building, I would modify the judgment by awarding claimants $67,740 plus interest. (Appeal and cross appeal from judgment of Court of Claims for claimants for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ. [44 Misc 2d 252.]