Leon D. Lazer, J.
In this proceeding the petitioner has condemned a parcel of approximately 2.6 acres (109,000 square feet) composed of four lots on the “ Map of Agricultural City Home Company ” filed in 1898. The property is a narrow and elongated tract with a frontage of 135 feet on a one track unpaved street known as Central Bo ad and has an average depth of 990 feet. On the January 18, 1971 vesting date, the area consisted of a large number of lots which were extremely varied in size and almost entirely undeveloped. The land, then rolling in nature and covered with scrub oak and pine trees, lay in the R-21 Residence District, a one-half acre single-family dwelling zone with a street frontage requirement of 100 feet.
True to custom, the two appraisers differed widely in approach and result. Claimant’s expert arrived at a total valuation of $17,250 but agreed that, due to its shape, the land had value solely if assembled for development with adjacent property. He estimated at $15,000 to $20,000 the cost of constructing an access road a distance of at least 750 feet up to the property. If joined with the adjacent parcel to the north, the claimant’s land could be developed by building an additional road along its southerly boundary at a further cost of $15,000 to $20,000, but only one side of this road would benefit the combined property. The cost of running a water main up to and into the property was not estimated. Claimant’s comparable sales included three acreage sales, only one of which was in the neighborhood of the condemned land, while his lot sales consisted of buildable properties served by roads and utilities in developed areas of the town. These sales were adjusted to claimant’s final figure of $17,250 without consideration of the cost of obtaining access and bringing utilities to the property. Such costs render almost nil the subdivision potential of claimant’s acreage if evaluated in accordance with Hewitt v. State of New York (18 A D 2d 1128).
*62 Petitioner’s appraisal contained only two comparable sales, one of which was stricken by the court as remote in time. Petitioner’s appraisal conclusion of $4,025 must therefore be predicated on the remaining sale which consisted of 1.4 acres on one of the Agricultural City Home Company maps. This land was 130 feet by 450 feet in dimension and was superior to claimant’s property because it fronted on Old Northport Road, an improved town highway. It sold in 1971 for $11,000 or 18 cents per square foot and shortly after the sale it was developed with a one-family home.
Valuation of the subject property brings into focus appraisal principles infrequently enunciated in this State. It is undisputed that the subject property was devoid of use unless joined with adjacent land to the north. Absent such joinder, the elongated shape of the property precluded subdivision, limiting the building potential to a single house which could be constructed only if the owner was willing to bear the previously mentioned cost of providing access. Claimant is entitled to the fair market value of his land for its highest and best available use and this is true even though that best available use be in connection with other lands owned by strangers (Matter of Niagara, Lockport & Ontario Power Co. v. Horton, 231 App. Div. 402). The possibility of such combined use must be reasonably sufficient to affect market value (McCandless v. United States, 298 U. S. 342; Olson v. United States, 292 U. S. 246; United States v. 70.39 Acres of Land, 164 F. Supp. 451; Becker v. State of New York, 44 Misc 2d 252, affd. 24 A D 2d 834; 4 Nichols, Eminent Domain, § 12.314, p. 12-216). The rationale of the “ combined use ” rule was stated by Mr. Justice Douglas in United States v. Powelson (319 U. S. 266, 275-276) as follows: “ An owner of lands sought to be condemned is entitled to their ■ market value fairly determined.’ United States v. Miller, 317 U. S. 369, 374. That value may reflect not only the use to which the property is presently devoted but also that use to which it may be readily converted. Boom Co. v. Patterson, 98 U. S. 403; McCandless v. United States, 298 U. S. 342. In that connection the value may be determined in light of the special or higher use of the land when combined with other parcels; it need not be measured merely by the use to which the land is or can be put as a separate tract. McGovern v. New York, 229 U. S. 363. But in order for that special adaptability to be considered, there must be a reasonable probability of the lands in question being combined with other tracts for that purpose in the reasonably near future. Olson v. United States, 292 U. S. 246, 255. In absence of such *63 a showing, the chance of their being united for that special use is regarded ‘ as too remote and speculative to have any legitimate effect upon the valuation. ’ McGovern v. New York, supra, p. 372.”
The “ reasonable probability” test applicable to combined use of land may be recognized as similar to that which applies to the enhancement of the value of property by the likelihood of a zone change (Matter of Board of Educ. of Union Free School Dist., 216 N. Y. S. 2d 811, affd. 19 A D 2d 776). As in such cases, the burden of proof is upon the claimant to demonstrate by facts and not by mere opinion that there is such a reasonable probability (4 Nichols, Eminent Domain, § 12.314, p. 12-218). If the burden is sustained, the value of the property is to be fixed not as though the combined use was an accomplished fact but in terms of what a buyer would pay, in addition to what the property is worth without the combined use, for the probability of such use (see Masten v. State of New York, 11 AD 2d 370).
No proof of any probability of combined use was offered by the claimant and virtually no assemblage activity had taken place on the entire map up to the date of taking. The property must therefore be evaluated as a landlocked parcel for which there was no feasible use at the date of vesting and which had no reasonable probability of combined use in the foreseeable future. In arriving at such a determination of value of the subject property, two sales received prime consideration. These were claimant’s sale 1 which consisted of 11.7 acres subdivided into 20 lots and petitioner’s sale 2, the 1.4-acre parcel fronting on Old North-port Road. Claimant’s sale 1, at a price of $10,900 per acre, or 25 cents per square foot, had substantial frontage on Old North-port Road, and. took place seven months before the vesting date. Adjustment of this large subdivided tract to the landlocked and unbuildable subject parcel is an objective impossibility. Therefore the sale warrants little probative weight despite its proximity to the condemned land. Petitioner’s sale 2, also fronting on Old Northport Road, was at a price of $11,000 or 18 cents per square foot, and it took place 10 months after vesting date. The sale of this property, consisting of 61,000 square feet, is significantly probative if adjusted downward at least 50% to a price of nine cents per square foot or $3,773 per acre. Utilizing the resulting measure of nine cents per square foot, the claimant’s damage from the January 18, 1971 taking is set at : -y-. _ .