■ In the Matter of THE CITY OF ROCHESTER, Respondent-Appellant, v BSF REALTY, LTD., Appellant-Respondent.—Judgment unanimously affirmed, without costs. Memorandum: We do not agree with appellant's claim that the decision of the trial court is so inadequate that it precludes proper appellate review. None of the defects found in the authorities relied upon by appellant, such as the failure to identify direct and consequential damage (*Wineburgh v State of New York,* 20 AD2d 961) or the failure to specify the highest and best use of the parcel (*Conklin v State of New York,* 22 AD2d 481), is present here. The trial court properly determined that the highest and best use of the subject was its existing use and the market value established by the court was well within the range of expert testimony. Although the computations employed by the court to fix the award were not disclosed, this omission requires neither reversal nor modification where the court's valuation is adequately supported by the evidence (*Norris v State of New York,* 42 AD2d 839; *Miller Paper Co. v State of New York,* 34 AD2d 880). While appellant does not claim that the proof, if accepted, is insufficient to sustain the award, it does contend that the comparable sales utilized by the city's expert should have been rejected and the range of testimony thereby eliminated. The suitability of comparable sales, absent legal error (*Argersinger v State of New York,* 32 AD2d 708, 709), is a matter for resolution by the trial court (*Yonkers Realty Assoc. v State of New York,*

52 AD2d 1014, 1015; *Sapia v State of New York,* 33 AD2d 821). Here the amount of the award demonstrates that the testimony of the city's expert was at least partially discounted. We do not find that the court's approach represents an abuse of its discretion (cf. *Levin v State of New York,* 13 NY2d 87, 92–93). Appellant's final contention is that the court should have admitted in evidence an appraisal report of an adjacent parcel of land which had been prepared by the city's expert. The record demonstrates, however, that the appellant utilized the report to cross-examine the city's appraiser and that he admitted making the alleged inconsistent statements that it contained. Appellant thus proved the making of the statement and in so doing questioned the credibility of the witness in accordance with CPLR 4514 which does not authorize the introduction of inconsistent statements as affirmative evidence of the facts they contain (see *People v Freeman,* 9 NY2d 600; *Larkin v Nassau Elec. R. R. Co.,* 205 NY 267; *Brown v Western Union Tel. Co.,* 26 AD2d 316). (Appeals from judgment of Monroe Supreme Court—condemnation.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.