■ In the Matter of ROCHESTER URBAN RENEWAL AGENCY, Appellant-Respondent, v MILTON LEE, as Trustee under the Last Will and Testament of ISADORE B. LEVIN, Deceased, Respondent-Appellant. (Appeal No. 1.) — Judgment unanimously modified and, as modified, affirmed, with costs to respondent-appellant, in accordance with the following memorandum: These cross appeals arise from condemnation proceedings instituted by the petitioner, the Rochester Urban Renewal Agency, appropriating two parcels located at 401-411 Court Street and 96-98 Broadway to form part of the southeast loop urban renewal project. The trial court adopted the opinion of the owner's appraiser that the highest and best use of the subject premises was not the existing use but rather for development to a more intensive commercial use. Its determination was founded upon (1) the age and deteriorated condition of the existing structure; and (2) the reasonable probability that commercial development would occur at this strategically located downtown site. On appeal the Urban Renewal Agency does not seriously challenge the court's findings that the buildings added little to the property value. Instead, it argues that the court erred inasmuch as commercial development of the site was not shown to be reasonably probable in the near future. A party asserting a highest and best use different from the existing one must establish that it is reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future. A use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award *(Matter of City of New York [Shorefront High School — Rudnick], 25 NY2d 146, 149; Triple Cities Shopping Center v State of New York, 26 AD2d 744, affd 22 NY2d 683)*. While the owner is not required to demonstrate that there was an *ante litem* plan for the projected use, it must be shown that such use is economically as well as physically feasible *(Matter of City of New York [Broadway Cary Corp.], 34 NY2d 535)*. On this record it was not speculative for the court to conclude that a commercial use would be made of a parcel of realty zoned commercial, where the property is a corner lot situated at the intersection of two busy streets, located in close proximity with the Midtown Mall, nearer yet to Xerox Square and just 80 feet from the Marine Midland Plaza (see *Matter of City of Rochester [Hennen]*, 56 AD2d 719). Further, the parties had agreed that the highest and best use of property at 367 Court Street (located nearby), also an improved two-story brick building in poor condition, was for commercial development (see *Becker v State of New York*, 24 AD2d 834; *Matter of Rochester Urban Renewal Agency v Gray*, 74 AD2d 1000). These differences of opinion presented the trial court with a factual issue (see *Matter of City of New York [Nelkin]*, 51 NY2d 921), which was resolved against urban renewal. The court's determination should not be disturbed unless it is unsupported by any fair interpretation of the evidence *(Depo & Sons v State of New York*, 58 AD2d 1002). Our review of the record reveals substantial evidence to sustain the court's finding. In affirming the award we note that the additional allowance granted by the court of 4% of the total judgment was inadequate and should be modified upward to 5% (see Condemnation Law, § 16, subd 2). The statutory purpose of this allowance is to defray the expenses an owner incurs in a condemnation action *(Matter of Rochester Urban Renewal Agency v Hammer Lithograph*, 73 AD2d 1044). In view of the extended litigation and appeals herein, we find an allowance of 4% to be insufficient. The statutory authorization is provided so that an owner will

not only receive full indemnity for the property taken by the condemning authority but also that he may be fully reimbursed for all expenses which have been incurred in establishing the value of the property which the condemning authorities sought to obtain for less than the proven value *(Matter of Dodge v Tierney,* 40 AD2d 936). We have reviewed the other matters raised on these appeals and find them to be without merit. (Appeal from judgment of Monroe Supreme Court, Siracuse, J. — condemnation.) Present — Dillon, P.J., Callahan, Doerr, Moule and Schnepp, JJ.