■ CHAUTAUQUA ENERGY, INC., Appellant, v CHEM-TECH OIL FIELD CHEMICALS COMPANY et al., Respondents.—Order unanimously affirmed without costs for reasons stated at Supreme Court, Adams, J. *(See also, Freed v United States Aviation Underwriters,* 82 Bankr 9.) (Appeal from order of Supreme Court, Chautauqua County, Adams, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.

■ In the Matter of EMILIO PASSUCCI, Respondent, v TOWN OF WEST SENECA et al., Appellants.—Judgment unanimously affirmed with costs. Memorandum: The court properly ordered the town to grant petitioner's application for a building permit. The zoning ordinance unequivocally provides that storage of contractors' equipment and materials within an enclosed building is a permitted use within an M-1 district. The court also properly ordered the town to refrain from interfering with petitioner's access to his commercially zoned parcel across his residentially zoned parcel. In these circumstances, petitioner demonstrated beyond a reasonable doubt that the ordinance, in particular, the restriction prohibiting petitioner from using the residential portion of his premises for access to the commercial portion, is unconstitutional as applied. A zoning ordinance is unconstitutional as applied where it is confiscatory, i.e., where "it renders the property affected by it so unsuitable for any purpose for which it is reasonably adapted as effectively to destroy its economic value" *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 500, citing *French Investing Co. v City of New York,* 39 NY2d 587, 596). The commercially zoned portion of petitioner's property is landlocked and its only access is over the residentially zoned portion of the property. Thus, enforcement of the zoning restriction on petitioner's property would prevent him from making any use of the property and would destroy its economic value *(Northern Westchester Professional Park Assocs. v Town of Bedford, supra,* at 500-501). In these circumstances, the court properly relieved petitioner from the zoning restrictions on his use of the residential parcel. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. —art 78.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.