█ STANLEY R. THOMPSON, Respondent, v ERIE COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Appellant. (Appeal No. 1.) [674 NYS2d 193] —Judgment unanimously affirmed with costs. Memorandum: In September 1990, claimant purchased approximately 15.76 acres on Seneca Creek Road in the Town of West Seneca. The front portion of the property was zoned residential and consisted of 1.57 acres with approximately 257 feet of road frontage. On that portion is a single-family dwelling in poor condition, and a barn, wood shed and chicken coop. The rear portion of the property was zoned industrial and consisted of 14.19 acres.

On May 15, 1992, respondent acquired through condemnation approximately 450 acres of industrially zoned property, including the industrial portion of claimant's property, for the development of an industrial park. Respondent paid claimant $62,600. Claimant retained ownership of the residential portion.

Claimant filed a claim seeking additional compensation, and Supreme Court appointed a Referee to hear and report. The Referee determined that the value of the condemned portion of claimant's property is $100,000. The court denied respondent's motion to reject the Referee's report, confirmed the report and awarded claimant additional compensation of $37,400.

Initially, we reject the contention of respondent that claimant's appraisal reports were defective and should have been stricken. Although inadequate in some respects, the appraisals, taken as a whole, substantially satisfied the requirements of 22 NYCRR 202.61 (c) (*see, Matter of Welch Foods v Town of Westfield*, 222 AD2d 1053, 1054; *Matter of Broadway-Saranac Lake Corp. v Board of Assessors*, 43 AD2d 649; *see also*, 22 NYCRR 202.59 [g] [2]). Whatever insufficiencies there were in the appraisals did not hamper the Referee's ability to determine value (*see, Matter of Welch Foods v Town of Westfield, supra*, at 1054). It was not improper for claimant's appraisers to evaluate separately the residential and industrial portions of the subject property. Further, the failure to list a before-taking and after-taking valuation of the residential portion did not render the appraisals defective; as conceded by respondent, the taking had no adverse impact on the residential portion.

We also reject respondent's contention that the highest and best use of the remaining residential portion of the property is to subdivide it into four residential lots. "A party asserting a highest and best use different from the existing one must establish that it is reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future" (*Matter of Rochester Urban Renewal Agency v Lee*, 83 AD2d 770; *see, Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536, *rearg denied* 34 NY2d 916). The use of the parcel for a residential subdivision is not reasonably probable. Subdividing the approximately 257-foot-wide parcel into four lots 65 feet wide, the minimum width permitted under the zoning law, is not physically possible and, as conceded by respondent's appraiser on cross-examination, would result in a lot line running through the existing dwelling (*see, County of Erie v Mazol*, 52 AD2d 1039;

cf., *Zappavigna v State of New York*, 186 AD2d 557, 561). The Referee, in determining the remaining value of the property, properly found that the highest and best use of the residential portion of the property is its present use as a single residential lot (*see, Houle Co. v State of New York*, 73 AD2d 794, 795; *Matter of City of Rochester v BSF Realty*, 59 AD2d 1035).

The Referee also properly found that the highest and best use of the industrial portion of the property is its present industrial use (*see, Matter of City of New York [Franklin Record Ctr.]*, 59 NY2d 57, 61; *Matter of Rochester Urban Renewal Agency v Lee, supra; Matter of City of Rochester v BSF Realty, supra*). It was for such use that respondent, as well as claimant, acquired the industrial-zoned portion of claimant's property. Contrary to respondent's contention, claimant could access the industrial portion through the residential portion of his property (*see, Matter of Passucci v Town of W. Seneca*, 151 AD2d 984).

The Referee's valuation is within the range of value established by the appraisers and is adequately supported by the evidence (*see, West Seneca Cent. School Dist. v State of New York*, 60 AD2d 760; *Matter of City of Rochester v BSF Realty, supra*). In determining the value of the condemned industrial portion, the Referee properly relied on the recent purchase by claimant of the property to establish market value. The weight accorded by the Referee to comparable sales was not an abuse of discretion (*see, Matter of City of New York [Nassau Expressway]*, 98 AD2d 166, 190-191; *Houle Co. v State of New York, supra*, at 795; *Matter of City of Rochester v BSF Realty, supra*). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—EDPL.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.