Appeal from those parts of an order of Supreme Court, Erie County (Michalek, J.), entered March 11, 2002, that, inter alia, granted defendants’ cross motion for summary judgment in part and dismissed the complaint.
It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied in its entirety, the complaint is reinstated, the motion is granted in part, the affirmative defenses and counterclaim are dismissed and an injunc *904 tion is granted in accordance with the following memorandum: Plaintiffs commenced this action seeking declaratory and injunctive relief to prohibit defendants from utilizing a portion of their property that is zoned residential for commercial purposes. The property, situated in the Town of Lancaster, is partially zoned for general business use and partially zoned for residential use. Defendants submitted an application for site plan approval to the Lancaster Town Planning Board in anticipation of erecting a retail center consisting of a 4,000-square-foot convenience store and gas station and a 3,500-square-foot space for retail stores. The plan called for using part of the residential portion of the property as a paved area for ingress and egress from a public street, with three light fixtures, an enclosed dumpster area and a detention pond. The Lancaster Town Board (Town Board) approved the plan and issued a building permit. While the building was being constructed, plaintiffs, three homeowners in the vicinity of the property, commenced this action. Supreme Court denied plaintiffs’ motion for summary judgment and granted defendants’ cross motion for summary judgment in part and dismissed the complaint. We reverse.
As a preliminary matter, we note that plaintiffs have standing to bring this lawsuit without pleading special damages because they are all in proximity to the subject property and the interest they assert in enjoining the nonpermitted use of the residential portion of the property is arguably within the zone of interest to be protected by the zoning ordinance (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412-414 [1987]; see also Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret, 286 AD2d 906 [2001]; Crady v Newcomb, 142 AD2d 940, 941 [1988]). We further note that, contrary to the contention of defendants, the Town Board is the proper local authority to serve with a demand to commence an enforcement proceeding against defendants (see Town Law § 268 [2]). Although Lancaster Town Code § 50-44 (A) (2) authorizes the building inspector to enforce the zoning ordinance, it merely grants him the authority to enter any building at a reasonable time for inspection and order discontinuance of violations of the ordinance; it does not grant him the power to commence enforcement proceedings. The power to commence enforcement proceedings for the violation of an ordinance is granted to the Town Board by Town Law § 135 (1). The building inspector could commence such an enforcement proceeding only with the authorization and at the direction of the Town Board (see § 65 [1]).
We agree with plaintiffs that the residential portion of the *905 property cannot be used as an accessory to the commercial portion of the property; the use of the residential lot for, inter alia, ingress and egress to the commercial enterprise and storage of garbage is “an integral and essential part of the business conducted on [the commercial portion]” and “may be enjoined as nonresidential” (City of Yonkers v Rentways, Inc., 304 NY 499, 503 [1952]; see People v Franshir Realty Co., 4 AD2d 685, 685-686 [1957]). Contrary to the contention of defendants, our decisions in Thompson v Erie County Indus. Dev. Agency (251 AD2d 1026 [1998]) and Passucci v Town of W. Seneca (151 AD2d 984 [1989]) are distinguishable from the instant case inasmuch as those cases both involved landlocked parcels that could not be reached without traversing an area zoned residential. Contrary to the further contention of defendants, Lancaster Town Code § 50-28 (F) (2) (c) (2), which allows the building inspector to issue a permit for parking, loading, or stacking in a residential zone accessory to a business zone, is not applicable here because there is no evidence in the record that defendants use the residential portion for parking, loading, or stacking.
Defendants’ contention that the zoning ordinance renders the residential portion of the property valueless is not ripe for judicial review because defendants have not applied for a use variance (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 283 [1988], rearg denied 71 NY2d 995 [1988], appeal dismissed and cert denied 488 US 801 [1988]).
Thus, we enjoin defendants from using the north 87 feet of lot 16 for driveway access, a dumpster, lighting, and any other nonresidential purpose. Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.