# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**105**

**CA 16-00833**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF DIXIE D. LEMMON AND CONCERNED
CITIZENS OF SENECA COUNTY, INC.,
PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

SENECA MEADOWS, INC., JAMES CLEERE, SOLELY IN
HIS CAPACITY AS TOWN OF WATERLOO CODE ENFORCEMENT
OFFICER AND TOWN OF WATERLOO ZONING BOARD OF
APPEALS, RESPONDENTS-RESPONDENTS.

---

DOUGLAS H. ZAMELIS, COOPERSTOWN, FOR PETITIONERS-APPELLANTS.

NIXON PEABODY LLP, ROCHESTER (CHRISTOPHER D. THOMAS OF COUNSEL), FOR
RESPONDENT-RESPONDENT SENECA MEADOWS, INC.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS JAMES CLEERE, SOLELY IN HIS CAPACITY AS TOWN
OF WATERLOO CODE ENFORCEMENT OFFICER AND TOWN OF WATERLOO ZONING BOARD
OF APPEALS.

---

Appeal from a judgment of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered March 11, 2016 in a proceeding pursuant to CPLR article 78. The judgment granted the motions of respondents to dismiss the petition and dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motions are denied, the petition is reinstated, the petition is granted and the determination is annulled.

Memorandum: Petitioners commenced this CPLR article 78 proceeding against Seneca Meadows, Inc. (SMI), James Cleere in his capacity as the Town of Waterloo Code Enforcement Officer, and the Town of Waterloo Zoning Board of Appeals (ZBA). Petitioners sought, inter alia, to annul the determination of the ZBA confirming Cleere's issuance of a zoning permit allowing SMI to traverse an access road over a residentially zoned parcel in connection with its clay mining operations. SMI's proposed clay mine is located within its agriculturally zoned parcel, but it is bordered by its commercially and residentially zoned parcels that provide access to public roads. The Zoning Law of the Town of Waterloo prohibits commercial excavation operations in residential districts. Nevertheless, the ZBA upheld Cleere's determination that the access road can cross the residential

district because the agricultural portion of the property is landlocked.  Supreme Court granted respondents' motions seeking dismissal of the petition.

Petitioners contend that the ZBA erred in its determination.  We agree and conclude that the ZBA's determination is irrational and unreasonable (*see generally Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 418-419).  The ZBA's and the court's reliance on our determination in *Matter of Passucci v Town of W. Seneca* (151 AD2d 984) is misplaced.  In that case, similar to this case, the commercially zoned portion of the petitioner's property was landlocked, and the only access was over the residentially zoned portion of the property (*id.* at 984).  In that case, however, the Town's ordinance prohibited the petitioner from using the residential portion of his premises to access his commercial portion, and thus enforcing the zoning restriction would be unconstitutionally applied inasmuch as it "would prevent [the petitioner] from making *any use* of the property and would destroy its economic value" (*id.* [emphasis added], citing *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 500-501). SMI has failed to carry its "heavy burden of establishing that no reasonable return may be obtained from the property under the existing zoning" (*Northern Westchester Professional Park Assoc.*, 60 NY2d at 501).  We therefore reverse the judgment, deny respondents' motions, reinstate the petition, grant the petition and annul the determination.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court