■ In the Matter of Syosset Industrial Builders, Inc., Respondent, v. Town of Oyster Bay Highway Department et al., Appellants.— In a proceeding under article 78 of the CPLR by an alleged property owner against the Town of Oyster Bay Highway Department, and the Superintendent of Highways of said town, the department and the said official appeal from a judgment [erroneously referred to in the notice of appeal as an order] of the Supreme Court, Nassau County, entered February 23, 1965, which declared that petitioner has a right of access to Willets Lane, a public highway in said town, directed said Superintendent to issue a curb cut permit, and further directed the department and said official to remove a barricade and highway sign placed on petitioner's property. Judgment reversed on the law and the facts, with costs, and the matter remitted to Special Term for trial, pursuant to CPLR 7804 (subd. [b]) on the issues presented by the pleadings and accompanying papers. In our opinion, issues of fact exist as to (1) whether the conveyance of the land abutting Willets Lane to petitioner was bona fide; (2) if so, whether the petitioner had an easement over the land of the grantor which would afford reasonably suitable access to another public highway; (3) whether the denial of access from petitioner's land into Willets Lane was reasonable and proper in the interest of public welfare and safety. These issues should not have been decided without a trial. A property owner may be deprived of his right of access to a particular public highway if it is reasonably necessary in the interest of public safety or welfare, provided, however, that there is available a suitable alternative means of access to a public highway (*Matter of Smith* v. *Gagliardi*, 286 App. Div. 873; 2 Misc 2d 1005, affd. 2 A D 2d 698; *Merritt Manor Estates* v. *Village of Elmsford*, 30 Misc 2d 935). In the instant case, if the conveyance to petitioner was not bona fide, then the true owner is Michael Forte, who has ready access to Jericho Turnpike, a major public highway. Even if the conveyance was bona fide, it would appear from the circumstances existing at the time of the sale that the petitioner might have acquired an implied easement of ingress and egress over the land of the grantor to Jericho Turnpike (*Jacobson* v. *Luzon*

*Lbr. Co.*, 192 Misc. 183, 184, affd. 276 App. Div. 787, affd. 300 N. Y. 697; *Ragona* v. *Di Maggio*, 42 Misc 2d 1042; cf. *Valicenti* v. *Schultz*, 27 Misc 2d 801). If, by means of such an easement, reasonably suitable access can be obtained to a public highway, then in our opinion subdivision 7-a of section 130 of the Town Law does not prohibit the Town Board from denying petitioner access to Willets Lane. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.