### (October 25, 1973)

■ THOMAS COUSIN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50417.) — Cross appeals from a judgment, entered March 21, 1972, upon a decision of the Court of Claims.

This is an appropriation case involving property which, prior to the appropriation, consisted of 9,100 square feet, located on Flushing Avenue at the southwest corner of 55th Street in Maspeth, Queens. The property, irregular in shape, had two curb cuts along its frontage and two similar entrances on the 55th Street boundary and was improved with a three-bay, brick and concrete gasoline service station. The use of the subject property as a gasoline service station was consonant with its highest and best use prior to the appropriation. The State appropriated approximately 320 square feet of the claimants' property, a triangular area extending 82.59 feet along the Flushing Avenue frontage to a maximum depth of 8.21 feet along the 55th Street boundary. A temporary easement, comprising 965 square feet and encompassing a land mass which included a 108 square foot concrete pump island, was also involved, with a duration of 43 months. After the taking, the shape of the subject property remained substantially the same, although one curb cut along 55th Street was removed. As a result of this appropriation, the subject property no longer has frontage along Flushing Avenue, but adjoins a service road that converges with that avenue at approximately the middle of the property. Though it is physically possible for westbound traffic on Flushing Avenue to turn into the subject property at this point, the procedure is extremely dangerous since the visibility of vehicles moving along the service road is partially obscured. Eastbound traffic can no longer cross Flushing Avenue directly opposite the subject property, as there is an island dividing the property at this point. The appropriation resulted in a change in the highest and best use of the subject property which was no longer consonant with a gasoline service station but cohered to light manufacturing or industrial. The principal issue which we must decide is whether this change is an item of compensable damage. We hold that it is. The means of approaching the subject property after the appropriation requires a circuitous route which, according to appraisers for both parties, is inadequate for its prior highest and best use as a gasoline service station. Such being the case, the trial court was justified in awarding consequential damages. While such damage resulting from mere circuity of access and diversion of traffic is clearly not compensable (*Selig* v. *State of New York*, 10 N Y 2d 34), where the access is more than circuitous so that it can be characterized as "unsuitable", consequential damages may be awarded (*Priestly* v. *State of New York*, 23 N Y 2d 152). Furthermore, this question of suitability is a factual one, directly related to the highest and best use of the property (*King* v. *State of New York*, 29 A D 2d 604), and is thus for the trial court to decide. (See, also, *Sukiennik* v. *State of New York*, 26 A D 2d 769.) The claimants' two contentions, that the court should make an award for fixtures and that consequential damages to the remaining property occasioned by the temporary easement should be included in the damages recoverable for such temporary easement, are without merit. As to the fixtures, an award for the underground storage tanks was presumably included in the award for severance damage to the land, and, in addition, throughout the record fixtures appear generally to have been included under "land improvements" for which an award was made. Similarly, claimants' contention that the award for the temporary easement is inadequate is supported in the record by only the bare assertion of their appraiser that the easement rendered the remaining property "economically sterile". Without more, claimants have not met their burden and we will not disturb the decision of the trial court (*Bero* v. *State of New York*, 33 A D 2d 88, affd. 27 N Y 2d 977). Judgment affirmed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur. [75 Misc 2d 1096.]