■ In the Matter of CHARLES C. FREIHOFER, III, as Executor of CHARLES C. FREIHOFER, JR., Deceased, et al., Respondents, v LAKE GEORGE ZONING BOARD OF APPEALS, Respondent, and PAUL AARONS et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Mercure, J.), entered December 23, 1986 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annual a determination of respondent Lake George Zoning Board of Appeals approving a request by respondents Paul Aarons and Bonnie Aarons for a building permit.

Respondents Paul Aarons and Bonnie Aarons own a 1.26-acre parcel of land located on the shore of Lake George in Warren County. The parcel is intersected by a municipal boundary line. The result of this bisection of the property is that 0.72 acre is located in the Town of Queensbury and 0.54 acre is located in the Town of Lake George. The Queensbury portion of the parcel is improved with a single-family residence and a boathouse is located on the Lake George portion of the parcel. The Lake George portion of the land is situated in an area classified as a RS-1 (residential special) district. Thus, owners of parcels which conform to the minimum lot area of one acre may only construct one single-family residence on that parcel. In May 1986, the Aaronses applied to the Town of Lake George for a permit to build a single-family residence on the Lake George portion of their parcel.

The estate of Charles C. Freihofer, Jr., owns residential property abutting the western border of the Aaronses' Lake George parcel and opposed the permit application. The zoning enforcement officer nevertheless granted the permit. Upon administrative review, respondent Lake George Zoning Board of Appeals (hereinafter the Board) agreed with the enforcement officer's determination. The Board concluded that it should consider only land within the Town of Lake George in determining whether a lot was nonconforming under the Town of Lake George Zoning Ordinance § 8.40. At that time, the relevant portion of the ordinance provided as follows: "Nothing in this Ordinance shall prevent the use of any lot, or the erection of a building or other structure on any lot, which does not conform to the minimum area, shape or frontage requirements of this Ordinance, provided that all other requirements of this Ordinance have been met and that the owner of such lot does not own sufficient contiguous land to make a nonconforming lot, more nearly a conforming lot."

In September 1986, petitioner Charles C. Freihofer, III (hereinafter petitioner), as executor of the estate, commenced

the instant proceeding challenging the Board's determination. Supreme Court concluded that section 8.40 of the ordinance had been unreasonably interpreted by the Board. The court stated that, in the absence of specific language precluding consideration of the Queensbury portion of the parcel, the Queensbury portion should be considered in determining whether to issue the permit. Petitioner's application was thus granted and this appeal by the Aaronses ensued.

Initially, we note that petitioner has candidly brought to this court's attention the fact that section 8.40 of that ordinance was amended, following entry of Supreme Court's judgment, to explicitly and unambiguously provide that in determining whether a lot is nonconforming, only land within the Town of Lake George is to be considered. Since an appellate court generally applies the zoning ordinance as it exists at the time the appeal is decided *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, 922), the amendment would appear to mandate reversal of Supreme Court's judgment. Petitioner contends, however, that is can establish "special facts" which would preclude reliance on the amended ordinance *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773). Even assuming, arguendo, that the special facts exception can be established and that the former ordinance must be considered, we reverse since we believe that the Board's interpretation of the former ordinance was rational.

Zoning laws are in derogation of common-law property rights and thus must be strictly construed, avoiding extension by implication *(see, Matter of 440 E. 102nd St. Corp. v Murdock,* 285 NY 298, 304; *see also, FGL & L Prop. Corp. v City of Rye,* 66 NY2d 111, 115). While a municipality may take into account consideration of adjacent land outside its borders *(see,* 1 Anderson, New York Zoning Law & Practice § 5.17, at 193 [3d ed]), such consideration is not mandated on the facts at hand where the land situated in the neighboring Town of Queensbury is zoned similarly to property located in the Town of Lake George. Accordingly, we conclude that the Board's interpretation of the former ordinance was not irrational *(see, Appelbaum v Deutsch,* 66 NY2d 975, 977; *Matter of Frampton v Zoning Bd. of Appeals,* 114 AD2d 670).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.