■ In the Matter of ROBERT L. SCHULZ et al., Respondents,

v TOWN OF QUEENSBURY et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 12, 1988 in Warren County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination revoking their driveway permit.

This appeal emanates from petitioners' attempt to subdivide and develop a portion of a 169-acre parcel of land they own situated both in the Town of Fort Ann, Washington County, and in respondent Town of Queensbury, Warren County. Only a small segment (approximately one acre) of the parcel is located in the Town of Queensbury (hereinafter Town). In July 1987 the Adirondack Park Agency (hereinafter APA), which exercises jurisdiction over the present project (see, Executive Law § 809), issued a permit authorizing petitioners to subdivide the parcel into eight single-family building lots located in the Town of Fort Ann, and a single-family lot in the Town. The permit further approved a subdivision access road leading onto a Town highway known as Hanneford Road.

In August 1987, the Town's Building Inspector issued a stop-work order prohibiting further development of the access road. This directive, however, was withdrawn in September 1987 after Town authorities apparently agreed that they could not exercise jurisdiction over the project pursuant to the local zoning ordinance or subdivision regulations. Instead, petitioners were directed to obtain the "approval of any road cut * * * from the Town Highway Superintendent". Pursuant to this directive, petitioners applied for and subsequently received a preliminary "driveway permit" dated September 29, 1987, from respondent Town Highway Superintendent.* Thereafter, the APA issued an amended project permit on March 11, 1988 (see, Executive Law § 809 [8] [b]) which, inter alia, eliminated the one building lot located in the Town. Notably, the APA specifically referred to the construction of the access road in accord with the submitted plans, i.e., along Hanneford Road. By letter dated March 18, 1988, the Superintendent then revoked the previously issued "driveway permit". This action prompted petitioners to initiate the instant CPLR article 78 proceeding effectively seeking to nullify the "driveway permit" revocation. Supreme Court granted the

---

* Petitioners' original application identified the project as "new private road/driveway to tie into Hanneford Road". Pursuant to the Superintendent's request, petitioners submitted a revised application describing the project area as "Hanneford Rd—new driveway". For purposes of this decision, we treat the "driveway permit" as authorization to install the access road, not simply a driveway.

petition in all respects by (1) declaring that the Superintendent had no authority over the access road and that the "driveway permit" revocation was null and void, (2) prohibiting respondents from requiring petitioners to supply a "driveway permit", and (3) directing respondents to issue a "written declaration" that petitioners "may connect the private roadway with Hanneford Road" and enjoy unimpaired access. Respondents have appealed.

The pivotal question presented is whether the Superintendent was authorized to revoke the "driveway permit" and effectively prevent petitioners from utilizing the access road. We agree with Supreme Court that the Superintendent did not enjoy such broad authority. As indicated, this subdivision project falls within the jurisdiction of the APA. Notably, part of the APA approval process consists of input from any affected municipalities upon notice to, among others, the local planning board chairman where the project is located (see, Executive Law § 809 [2] [a]). There is no indication that the APA failed to so notify the Town of the subject project or that the Town registered any objections. Consequently, upon issuance of the project permit, petitioners were statutorily authorized "to undertake the project in accordance with the terms and conditions thereof" (Executive Law § 809 [5]; see also, 2 Anderson, New York Zoning Law & Practice §§ 20.06, 21.15, at 52, 92 [3d ed]).

We recognize that the amended permit specifically defers to any local permit requirements. In this regard, respondents maintain that the Superintendent was authorized to determine "where and whether" petitioners should be allowed to access Hanneford Road pursuant to Highway Law § 213. The contention is not persuasive. The authority to approve subdivision plats, together with any road layouts, rests with a town's planning board, not the town's highway superintendent (see, Town Law §§ 276, 277). The town planning board is further authorized to enact ordinances relative to the location of driveways (see, Town Law § 130 [7-a]) and to "provide for the establishment of the profiles and grades of any accepted street" (Town Law § 64 [10]). The provisions of Highway Law § 213 do not confer similar authority on a town highway superintendent (compare, Highway Law § 136 [1]; Token Carpentry v Hornik, 92 AD2d 868, 869 [connection to county road]). That provision speaks only to the construction and repair of "approaches or driveways from the town highway, under the direction of the town superintendent", not to the planning issue of whether a subdivision access road has been

properly placed (Highway Law § 213 [emphasis supplied]). Nor does a town highway superintendent have such general authority (see, Highway Law § 140; 1972 Opns Atty Gen 252).

Respondents have explained in their brief that the primary motivation for revoking the "driveway permit" was a concern for traffic volume and the public safety. Essentially, the Town is seeking an opportunity to reconsider the propriety of petitioners' subdivision. Beyond the fact that most of this subdivision rests outside the Town's territorial jurisdiction (see, 1 Anderson, New York Zoning Law & Practice § 5.17, at 192 [3d ed]), questions of traffic safety and the layout of the access road were clearly part of the APA project review process and the Town evidently deferred to that review. While we agree that the Superintendent was authorized to ensure proper construction of the access road, no claim of defective construction or design has been raised. Accordingly, we perceive no basis for the revocation of the "driveway permit". To hold otherwise would allow the Town to vitiate the APA permit through the auspices of the Superintendent, who holds no such authority.

Consequently, we find that Supreme Court properly nullified the Superintendent's revocation of the "driveway permit". We find, however, that the court inaccurately stated that the Superintendent was "devoid of authority" over the access road, and prohibited the issuance of a "driveway permit" in contradiction of Highway Law § 213. Nonetheless, no challenge having been raised as to the construction and design of the access road, the court properly directed respondents to issue a written confirmation of petitioners' right to unimpaired use (see, Matter of Voelckers v Guelli, 58 NY2d 170, 176-177). The judgment should be modified accordingly.

Judgment modified, on the law, without costs, by deleting so much thereof as declared respondent Town of Queensbury Highway Superintendent "devoid of authority" over the access road and prohibited the requirement of a "driveway permit", and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.