■ In the Matter of DONALD E. STONE et al., Appellants, v GEORGE McGOWAN et al., Constituting the Town of Lake George Zoning Board of Appeals, Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Dier, J.), entered January 9, 1989 in Warren County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review respondents' determination that petitioners' proposed property change would require a variance and site plan review.

Petitioners own a "tourist accommodation" known as the Stepping Stones Resort in the Town of Lake George, Warren County. Petitioners decided to convert their property from a tourist accommodation into single-family condominiums. Although they proposed no new subdivision, building construction or lot lines, the town zoning officer indicated that petitioners would need a variance and site plan review to complete their project. Petitioners then made application to the town's Zoning Board of Appeals (hereinafter Board) for a determination as to whether the proposed change necessitated a variance. After a public hearing, the Board concluded that a variance was necessary to convert petitioners' existing motel into a condominium development, as petitioners were "unable to meet the 20,000 sq. ft. per unit, as required". Petitioners have not applied for a variance or requested a site plan review; instead they commenced the instant CPLR article 78 proceeding requesting a judgment declaring that the Board's interpretation of the ordinance was erroneous.

Supreme Court, without comment, dismissed the petition. On appeal, petitioners contend that their proposed modification is merely a change in ownership and not a change in use; therefore, under section 5.70 (c) of the town's zoning ordinance,* no variance or site plan review should be necessary.

---

* This section provides: "tourist accommodations * * * shall not be allowed to be converted * * * to individual single family dwelling units * * * except through site plan review. Said conversions, when made, must conform to the provisions of this Ordinance."

We find that this controversy is not ripe for review.

Petitioners do not show that the Board's action has a " 'direct and immediate' " impact upon them or that the harm they perceive to have suffered at the hands of the Board will not subsequently be prevented or cured if they apply for the variance *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520, *cert denied* 479 US 985, quoting *Abbott Labs. v Gardner,* 387 US 136, 152). At this juncture there is no identifiable harm to them for there has been no actual interference. Furthermore, the Board may grant petitioners a variance and, by that administrative action, prevent or significantly ameliorate their claimed harm *(see, Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 186). If petitioners apply for a variance and that application is denied, the effect of the Board's interpretation that the variance is required can then be reviewed *(see, supra,* at 186; *see also, Matter of Jamaica Water Supply Co. v Public Serv. Commn.,* 152 AD2d 17, 20-21).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.