■ In the Matter of ANSTU FARM, L. L. C., Appellant, v TOWN BOARD OF TOWN OF WASHINGTON, Respondent. [727 NYS2d 655] —In a proceeding pursuant to CPLR article 78 to review a de-

termination of the respondent Town Board of the Town of Washington, which denied the petitioner's request for a referral of its private heliport application to the Commissioner of Transportation of the State of New York pursuant to General Business Law § 249, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated March 23, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the petition based upon a local zoning ordinance which became effective during the pendency of this proceeding, prohibiting the construction of private heliports (*see, Matter of Demisay, Inc. v Petito*, 31 NY2d 896; *Matter of Marasco v Zoning Bd. of Appeals*, 242 AD2d 724; *Matter of Miller v Southold Town*, 190 AD2d 672; *Matter of Shiloh Gospel Chapel v Roer*, 170 AD2d 608). Since the petitioner was not entitled to a permit for a private heliport as a matter of right prior to the enactment of the ordinance, this case does not fall within the so-called "special facts exception" (*Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772; *see,* General Business Law § 249; *Thomson Indus. v Incorporated Vil. of Port Washington N.*, 32 AD2d 1072, *affd* 27 NY2d 537). Accordingly, the existing ordinance is controlling (*see, Preble Aggregate v Town of Preble*, 263 AD2d 849). Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.