■ In the Matter of JAMAICA RECYCLING CORP. et al., Appellants, v CITY OF NEW YORK et al., Respondents. [832 NYS2d 40]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered February 15, 2006, denying the petitions and dismissing the consolidated proceedings brought pursuant to CPLR article 78 to challenge transfer station permit denials by respondent New York City Department of Sanitation (DOS) and the rules upon which such denials were premised issued by DOS in 2004, and bringing up for review an order, same court and Justice, entered on or about May 16, 2005, which granted respondents' motion to consolidate the proceedings; and order,

same court and Justice, entered July 24, 2006, which granted the motion by some petitioners for renewal but, on renewal, adhered to the prior judgment, unanimously affirmed, without costs. Appeal from the May 16, 2005 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Petitioners Allocco Recycling, Inc., East Bay Recycling, Inc., Fontana Transfer Station, Inc., Fontana Waste Transfer, Inc., and USA Recycling, Inc. contend that "the Zoning Law is the controlling authority as to what uses . . . owners may make of their property in a given district" (*Matter of Goelet v Moss*, 248 App Div 499, 500 [1936], *affd* 273 NY 503 [1937]). However, in Local Law No. 40 (1990) of the City of New York, the New York City Council specifically directed respondent DOS to adopt siting rules for transfer stations.

Next, the above-named petitioners contend that the rules on transfer stations promulgated by DOS in November 2004 are irrational because they are contrary to a comprehensive waste management study completed in March 2004. However, "[a]lthough documented studies often provide support for an agency's rule making, such studies are not the *sine qua non* of a rational determination. . . . 'the commissioner . . . is not confined to factual data alone but also may apply broader judgmental considerations based upon the expertise and experience of the agency he heads' " (*Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 332 [1995], quoting *Matter of Catholic Med. Ctr. of Brooklyn & Queens v Department of Health of State of N.Y.*, 48 NY2d 967, 968-969 [1979]). The 2004 rules were not based solely on the study; they were also based on comments received from elected officials, community groups, industry groups, and the public.

USA Recycling contends that the requirement of a buffer zone from a residential district is irrational as applied to it because the "residential" district in question will never have residents: it consists of a river, a parkway, a park, and railroad tracks. However, the 400-foot buffer zone requirement applies to parks as well as residential districts, and USA's facility would be located within 400 feet of a park. It would also be located within 150 feet of a residence, albeit one located in Westchester County rather than New York City.

Allocco's contention that the 2004 rules are arbitrary and capricious because they give preference to putrescible facilities with waterfront barging capabilities but not to nonputrescible facilities with such capabilities is not properly raised for the first time on appeal.

To the extent Allocco, East Bay, Fontana, and USA contend that the 2004 rules constitute reverse spot zoning, the argument is unavailing (*see Peck Slip Assoc. LLC v City Council of City of N.Y.*, 26 AD3d 209, 210 [2006], *lv denied* 7 NY3d 703 [2006]).

All of the petitioners contend that they come within the "special facts exception," and thus that DOS should review their applications according to the rules that existed when they filed their applications. To claim the benefit of the relied-upon exception, however, a petitioner must have been entitled to a permit as a matter of right before the law changed (*see Matter of Anstu Farm v Town Bd. of Town of Wash.*, 285 AD2d 503, 504 [2001]; *see also Matter of Pokoik v Silsdorf*, 40 NY2d 769, 773 [1976]), and none of the petitioners was entitled to a permit to operate a transfer station before the 2004 rules came into effect; none had obtained a negative declaration from both DOS and the New York State Department of Environmental Conservation (DEC). While East Bay had obtained a negative declaration from DOS, it had not obtained one from DEC and respondents could not force DEC (a state agency) to issue a negative declaration.

There are further reasons why the special facts exception does not apply to Allocco and USA. Allocco has never filed an application for a construction and demolition debris transfer station; hence, respondents have not delayed action on such an application by Allocco. The delays in processing USA's application between 1999 and August 2002 appear to have been caused by "legitimate circumstances" (*Matter of Home Depot U.S.A. v Village of Rockville Ctr.*, 295 AD2d 426, 429 [2002]).

All petitioners contend that DOS's 2002 moratorium on processing applications for nonputrescible transfer stations was improper. It is true that two trial-level courts found that DOS should have followed the procedures for rulemaking instead of sending letters to individual applicants. However, even if the procedure by which the moratorium was instituted was defective, this "would not oblige a court to apply a law which has been superseded" (*Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921, 923 [1985]).

Assuming, arguendo, that equitable estoppel applies to respondents under the circumstances of this case (*but see Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 93-94 n 1 [1981]), Allocco's, East Bay's, Fontana's, and USA's argument that respondents are equitably estopped from benefiting from the 2002 moratorium is unavailing because they fail to show how they detrimentally changed their position as a result

of the moratorium. Allocco's and USA's claim, based on an affirmation of a DOS attorney, that respondents are equitably estopped from arguing that a DEC permit exempts only city-owned transfer stations—not privately-owned transfer stations—from the 2004 rules, is unavailing because these petitioners could not have detrimentally relied on an affirmation that they did not discover until shortly before their motion to renew.

Jamaica contends that the vested rights doctrine entitles it to have its application reviewed according to the rules in effect at the time the application was made. This argument is unavailing since Jamaica did not have a valid permit (*see Town of Orangetown v Magee*, 88 NY2d 41, 47 [1996]); by January 1997 (the time of its application), Jamaica's permit from the Department of Health had long since been superseded by the annual permits issued by DOS between 1991 and 1994. Furthermore, expenditures made to apply for a discretionary permit, such as a permit to operate a transfer station, are not made in reliance on a validly issued permit (*see Matter of Rudolf Steiner Fellowship Found. v De Luccia*, 90 NY2d 453, 460-461 [1997]).

The IAS court properly exercised its discretion in granting consolidation.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.