[881 NYS2d 496]

# In the Matter of BBJ Associates, LLC, Respondent, v Zoning Board of Appeals of Town of Kent, Appellant.

Second Department, June 23, 2009

## APPEARANCES OF COUNSEL

*Van DeWater & Van DeWater, LLP*, Poughkeepsie (*Janis M. Gomez Anderson* of counsel), for appellant.

*Shamberg Marwell Davis & Hollis, P.C.*, Mount Kisco (*John S. Marwell* and *Carrie E. Hilpert* of counsel), for respondent.

## OPINION OF THE COURT

Chambers, J.

The principal issue presented on this appeal is whether the Zoning Board of Appeals of the Town of Kent (hereinafter the

Zoning Board) properly determined that a proposed road providing access to the petitioner's proposed multifamily senior citizen housing development was not a permitted use. We find that the Zoning Board's determination was proper.

## I. Relevant Facts and Proceedings

The petitioner, BBJ Associates, LLC, owns an 88-acre parcel of land that straddles the municipal border between the Towns of Kent and Carmel in Putnam County. It plans to build a multifamily senior citizens' development on an 80-acre portion of the property, which is solely located in the Town of Carmel and adjacent to property it owns in the Town of Kent. As part of this plan, the petitioner sought to build an access road running through the Towns of Kent and Carmel which would connect the development with State Route 52. The proposed road would traverse eight acres located in the Town of Kent which are zoned for commercial and single-family residential use. The petitioner intends to build the road in accordance with the road standards of both towns and to offer the portion of the road in each town to the respective towns for dedication as a town road. The proposal also includes storm basins for drainage.

By letter dated October 23, 2006, the Building Inspector of the Town of Kent issued the following interpretation to the Town of Kent Planning Board: "the entranceway is an accessory use to a principal use and we do not have a principal use." The Town of Kent Planning Board refused to continue any site plan review until "the issue raised" in the interpretation by the Building Inspector was resolved.

On November 21, 2006, the petitioner applied to the Zoning Board for an interpretation of this letter. At a public hearing held on December 15, 2006, several community residents voiced the concerns that the development's proposed access road would increase the volume of traffic on State Route 52.

The Zoning Board raised the question of whether the proposed town road was a driveway prohibited by Town of Kent Zoning Code § 77-6 (D), which states: "No driveway shall provide access to a lot located in another district, which lot is used for any use prohibited in the district in which such driveway is located." In response, the petitioner argued that the "entranceway" or "access road" was not a principal use, an accessory use, or a "driveway"; rather, it was an "infrastructure improvement" pursuant to Town of Kent Zoning Code former § 77-6 (F), which provides that the zoning regulations "shall not be so construed

as to limit or interfere with the dedication, development or use of any land for . . . public utility purposes" such as sewers or "any highway . . . existing or hereafter authorized by the State of New York, the County of Putnam or the Town of Kent." Based upon this analysis, the petitioner asked the Zoning Board to reverse the interpretation of the Building Inspector and "permit" construction of the proposed road.

At a special meeting held on March 19, 2007, the Zoning Board expressed concern that the applicable zoning ordinance "left holes in it with regards to driveways and definitions" and that it was difficult to ascertain what its drafters intended with respect to driveways and access roads. In its determination, the Zoning Board agreed that the proposed "entranceway" or access road was an infrastructure improvement. The Zoning Board further concluded that since the purpose of the proposed town road "will be to provide access from Route 52 to the senior housing community" and "no other access anywhere to anyone," it "solely supports a single principal use" and "must be considered to be part and parcel of the principal use it supports." Further, since the proposed town road would be constructed in areas of the Town of Kent zoned for commercial use and for single-family residential use—not multifamily housing—the Zoning Board concluded that it was not a permitted use.

In the instant proceeding pursuant to CPLR article 78, the petitioners challenged the Zoning Board's determination that the access road was not a permitted use.[1] The Supreme Court's judgment granted the petition in its entirety, concluding that the Zoning Board acted in bad faith by raising objections at the "eleventh hour" after $2\frac{1}{2}$ years of participating in environmental review of the project without objection.

■ First, we conclude that the judgment of the Supreme Court setting aside the Zoning Board's determination as

---

**1.** ■ This controversy is ripe for judicial review (see *Matter of Northern Dutchess Rod & Gun Club, Inc. v Town of Rhinebeck*, 29 AD3d 587 [2006]; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411 [2005]; cf. *Matter of Stone v McGowan*, 157 AD2d 882, 883 [1990]). The requirement that a landowner must seek a variance to exhaust administrative remedies is applicable to controversies over whether zoning regulations are confiscatory and therefore unconstitutional as applied to a landowner's property (see *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274 [1988], *cert denied* 488 US 801 [1988]; *Town of Islip v Zalak*, 165 AD2d 83 [1991]; 2-16 New York Practice Guide: Real Estate § 16.04 [2] [f]), but generally is not applicable to controversies over whether a use is permitted as of right (see *Matter of McCrory v Zoning Bd. of Appeals of Vil. of Mamaroneck*, 40 AD3d 649 [2007]).

arbitrary and capricious and rendered in bad faith, on the ground that the Zoning Board participated in environmental review of the project without objection, is not supported by the record. The record reveals that the lead agency for environmental review was the Town of Carmel Planning Board, where most of the property is located,[2] not the Town of Kent. The State Environmental Quality Review Findings Statement noted that there were problems with providing access: "alternative access routes were considered infeasible or impractical, due to construction limitations and/or greater impacts to wetlands and other resources" in the Town of Carmel. The proposed access route also involved a disturbance of wetlands, requiring wetlands permits from the Town of Kent, the Town of Carmel, and the United States Army Corps of Engineers, but such impacts were "unavoidable." There is no evidence in the record that the Town of Kent approved of the State Environmental Quality Review Findings Statement that was certified by the Town of Carmel. Nor did the Town of Kent Planning Board grant site plan approval. Accordingly, the judgment cannot be sustained for the reasons set forth therein.

## II. The Effect of the Amended Zoning Ordinance

On November 24, 2008, while this appeal was pending, the Town of Kent adopted comprehensive amendments to its zoning ordinance which went into effect on December 1, 2008. These amendments repealed Town of Kent Zoning Code former § 77-6 (F) dealing with infrastructure improvements and amended Town of Kent Zoning Code § 77-6 (D)—formerly applicable only to driveways—by adding the following provision: "No street or road, whether private or public, which exclusively serves or supports a lot located in another district, which lot is used for any use prohibited in the district in which the street or road is located, shall be used to provide access to said lot." Such amendments would appear to directly affect the petitioner's application for an interpretation.

The petitioner contends that the special facts exception precludes this Court from applying this new provision to the instant case. Although the general rule is that a court should apply the zoning provisions in effect at the time it renders its decision (see Matter of Jul-Bet Enters., LLC v Town Bd. of Town

---

**2.** The State Environmental Quality Review Findings Statement indicates that the proposed site includes more than 19 acres in the Town of Carmel, in addition to the 80 acres discussed in this proceeding.

*of Riverhead*, 48 AD3d 567 [2008]; *Matter of D'Agostino Bros. Enters., Inc. v Vecchio*, 13 AD3d 369 [2004]), pursuant to the special facts exception, this Court may apply the law in effect at the time the petitioner's application to the Zoning Board was made. The special facts exception may be applied if the municipality unduly delayed proceedings and acted in bad faith (*see Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772-773 [1976]; *Matter of Mamaroneck Beach & Yacht Club, Inc. v Zoning Bd. of Appeals of Vil. of Mamaroneck*, 53 AD3d 494, 497 [2008]; *Caruso v Town of Oyster Bay*, 250 AD2d 639 [1998]; *Figgie Intl. v Town of Huntington*, 203 AD2d 416 [1994]).

This Court need not consider the new law or whether the special facts exception applies in this case, if the determination under review may be sustained based upon the prior law (*see generally Matter of Jamaica Recycling Corp. v City of New York*, 38 AD3d 398 [2007]; *Matter of Anstu Farm v Town Bd. of Town of Wash.*, 285 AD2d 503 [2001]). Since we conclude that the determination of the Zoning Board was proper under the original law in effect at the time of the petitioner's application and the determination under review, we reverse (*see Matter of Freihofer v Lake George Zoning Bd. of Appeals*, 137 AD2d 894, 895 [1988]).

### III. The Zoning's Board's Interpretation of the Original Law

When reviewing an "interpretation" of a zoning code provision, a zoning board is required to rule on the "narrow issue" before it (*Matter of Northern Dutchess Rod & Gun Club, Inc. v Town of Rhinebeck*, 29 AD3d 587, 588 [2006]), which in this case was whether the proposal constituted an infrastructure improvement. The Zoning Board found that the proposal was in fact an infrastructure improvement, and that portion of its determination is not challenged. Further, upon its interpretation of the issue addressed by the Building Inspector, the Zoning Board was authorized to make such an "interpretation or determination as in its opinion ought to have been made in the matter" by the Building Inspector (Town Law § 267-b [1]). Exercising that authority, the Zoning Board determined that the proposed infrastructure improvement was not a permitted use.

Although zoning restrictions, being in derogation of common-law property rights, should be strictly construed (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 421 [1996]), and any ambiguities are to be resolved in favor of the property owner (*see Matter of Brancato v Zoning Bd. of Appeals of City of*

*Yonkers, N.Y.*, 30 AD3d 515, 516 [2006]), the general rule is that a determination of a zoning board of appeals should not be set aside unless it is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). In the instant case, the evidence adduced at the public hearing on the petitioner's application established that there was general community opposition to any further development, which would not constitute a basis for a factual determination against the petitioner (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Nonetheless, as the petitioner concedes, this case involves a question of legal interpretation, not factual determination.

■ A zoning board's interpretation of its zoning code is entitled to great deference (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]; *Matter of Louchheim v Zoning Bd. of Appeals of Town of Southampton*, 44 AD3d 771 [2007]). However, where the issue involves pure legal interpretation of statutory terms, deference is not required (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d at 419; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]; *Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d at 516). Pursuant to our independent review of the law, we conclude that the determination of the Zoning Board complied with applicable legal principles.

## IV. Classification of the Proposed Road

Arguing for affirmance, the petitioner contends that the zoning code in effect at the time of its application and the determination of the Zoning Board did not contain any prohibitions with respect to infrastructure improvements. It contends that access roads and stormwater basins are not enumerated as uses in the zoning ordinance, and therefore are not prohibited by the zoning ordinance. We agree with the petitioner that there is authority for the proposition that facilities which are "not enumerated as uses or activities" in a zoning ordinance are not prohibited (*SCA Chem. Waste Servs. v Board of Appeals of Town of Porter*, 75 AD2d 106, 109-110 [1980], *affd* 52 NY2d 963 [1981]). However, *SCA Chem. Waste Servs. v Board of Appeals of Town of Porter* (75 AD2d at 109-110) involved an underground pipeline which is "not a facility generally considered capable of

having the adverse visual and environmental impact on neighboring property owners of the type which ordinarily warrants zoning controls." A road, on the other hand, could have adverse visual and environmental impacts.

On its appeal to this Court, the Zoning Board argues that the road would remain a private road unless and until an offer of dedication is made and the Town Board accepts the dedication. Indeed, the authority to approve subdivision plats, together with road layouts, rests with a town planning board (*see* Town Law § 277; *Matter of Kamhi v Planning Bd. of Town of Yorktown*, 59 NY2d 385, 390 [1983]; *Matter of Schulz v Town of Queensbury*, 150 AD2d 854 [1989]). The Town of Kent Planning Board is without power to interpret the provisions of the local zoning ordinance, which is vested exclusively in the Building Inspector and the Zoning Board (*see* Town Law § 267-a [4]; § 267-b [1]; *Matter of Jamil v Village of Scarsdale Planning Bd.*, 24 AD3d 552 [2005]; *Matter of J & R Esposito Bldrs. v Coffman*, 183 AD2d 828 [1992]). Accordingly, the Town of Kent Planning Board will not act until the Zoning Board states that the proposal does not violate the zoning ordinance.

We note that the proposal did not include yards, garages, or other buildings for service of public utilities which are not covered by the exceptions enunciated in Town of Kent Zoning Code former § 77-6 (F) (*cf. Korcz v Elhage*, 1 AD3d 903 [2003]). Further, although a driveway constitutes an impermissible accessory use (*see* Town of Kent Zoning Code § 77-6 [D]; *City of Yonkers v Rentways, Inc.*, 304 NY 499 [1952]), a driveway and a road built to town road standards are two different things. A road built to town road standards could accommodate emergency vehicles, while a driveway could impede access by emergency vehicles (*see Matter of ELN Realty Corp. v Zoning Bd. of Appeals of Town of Greenburgh*, 261 AD2d 619 [1999]). Since the petitioner represented that the access road would be built to town road standards, it is not a driveway.

The proposed road could only become a highway if a municipality chose to maintain it, and/or it was used by the public for an extended period (*see American Nassau Bldg. Sys. v Press*, 143 AD2d 789 [1988]). A road used by the public becomes a highway if used by the public as such for a period of 10 years or more (*see* Highway Law § 189). Therefore, the proposed road is not a highway.

The proposed road could satisfy a definition of "street" contained in Town of Kent Zoning Code § 77-65, i.e., "a 'street'

shown on an approved subdivision final plat," if the proposed subdivision plat were approved by the Town of Kent Planning Board or if it were shown on the Official Map of the Town. However, the proposed road was not approved by the Town of Kent Planning Board and is not a mapped street. Further, since it cannot be classified as a highway, and its construction has not been approved by the Town of Kent, the County of Putnam, or the State of New York, its use as an infrastructure improvement is not protected by Town of Kent Zoning Code former § 77-6 (F), which provided that the zoning regulations "shall not be so construed as to limit or interfere with the dedication, development or use of any land for . . . public utility purposes" such as sewers or "any *highway* . . . existing or hereafter *authorized* by the State of New York, the County of Putnam or the Town of Kent" (emphasis supplied).

## V. Legal Restrictions on Access

Generally, "[u]se of land in one zoning district for an access road to another zoning district is prohibited where the road would provide access to uses that would themselves be barred if they had been located in the first zoning district" (*Beale v Planning Bd. of Rockland*, 423 Mass 690, 694, 671 NE2d 1233, 1236 [1996]; *see Teachers Ins. & Annuity Assn. v Furlotti*, 70 Cal App 4th 1487, 83 Cal Rptr 2d 455 [1999]; *City of Providence v First Natl. Stores, Inc.*, 100 RI 14, 17, 210 A2d 656, 658-659 [1965]; *City & County of San Francisco v Safeway Stores, Inc.*, 150 Cal App 2d 327, 310 P2d 68 [1957]). This principle applies to land straddling municipal borders, since "[w]here a parcel of land lies in two municipalities, each may apply its zoning laws to the portion that lies within its boundaries" (*Beale v Planning Bd. of Rockland*, 423 Mass 690, 698, 671 NE2d 1233, 1239 [1996]; *see Matter of Partition St. Corp. v Zoning Bd. of Appeals of City of Rensselaer*, 302 AD2d 65, 67 [2002]).

However, this principle would not apply to a public way. The general rule is that the use of a public way is not restricted by local zoning regulations (*see Bruni v Planning Bd. of Ipswich*, 73 Mass App Ct 663, 671, 990 NE2d 904, 910 [2009]; *Harrison v Textron, Inc.*, 367 Mass 540, 549, 328 NE2d 838, 843 [1975]).[3] Public ways may include mapped streets which have not been

---

**3.** Denying an abutting property owner all access to a public thoroughfare may constitute an unconstitutional taking without just compensation (*see La Briola v State of New York*, 36 NY2d 328 [1975]; *Cousin v State of New York*, 42 AD2d 1016 [1973]; *Town of Selah v Waldbauer*, 11 Wash App 749, 525 P2d

improved (*see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515 [2006]; Town Law § 280-a). An abutting landowner may only be deprived of access to a public highway if "there is available a suitable alternative means of access to a public highway" and the municipality proves that the denial of access is "reasonably necessary in the interest of public safety or welfare" (*Matter of Syosset Indus. Bldrs. v Town of Oyster Bay Highway Dept.*, 24 AD2d 763, 763 [1965]; *see Matter of Smith v Gagliardi*, 286 App Div 873 [1955]; *Merritt Manor Estates v Village of Elmsford*, 30 Misc 2d 935 [1961]).

However, in the instant case, since the proposed road is not a mapped street and was never approved by the Town of Kent Planning Board, it cannot be considered a public way. Therefore, the proposed road is subject to local zoning regulations.

## VI. Conclusion

In view of the fact that the proposed road is not a public way, the Zoning Board had the right to regulate the use of the land in the proposed roadbed pursuant to its zoning regulations. Since the proposed road was located in areas of the Town of Kent zoned for commercial and single-family residential use, the Zoning Board's determination that the proposed road to provide access to a multifamily development was not a permitted use was not arbitrary and capricious or contrary to law.

Accordingly, the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

RIVERA, J.P., MILLER and ENG, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

262 [1974]; 3-28 Warren's Weed, New York Real Property § 28.33 [1] [c] [2008]).