Matter of Hitner v Planning Bd. of the Town of Patterson (2019 NY Slip Op 00437)





Matter of Hitner v Planning Bd. of the Town of Patterson


2019 NY Slip Op 00437


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-08738
 (Index Nos. 2607/16, 3067/16)

[*1]In the Matter of Harry Hitner, et al., petitioners,
v
Planning Board of the Town of Patterson, et al., respondents. (Proceeding No. 1)
In the Matter of Harry Hitner, petitioner-appellant,Town of Patterson Zoning Board of Appeals, et al., respondents-respondents; Michele Sweig, nonparty-appellant. (Proceeding No. 2)


James Bacon, New Paltz, NY, for petitioner-appellant and nonparty-appellant.
Hogan & Rossi, Brewster, NY (Nancy Tagliafierro of counsel), for respondents-respondents.
Oxman Law Group, PLLC, White Plains, NY (Lois N. Rosen of counsel), for respondent Patterson Crossing Realty Company, LLC, in Proceeding No. 1.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Patterson Zoning Board of Appeals dated September 21, 2016, that a proposed gasoline fueling station is a permitted principal use, Harry Hitner and Michele Sweig appeal from a judgment of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated July 7, 2017. The judgment, insofar as appealed from, in effect, denied the petition and dismissed the proceeding.
ORDERED that the appeal by Michele Sweig is dismissed, as she is not aggrieved by the portion of the judgment appealed from (see CPLR 5511); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from by Harry Hitner; and it is further,
ORDERED that one bill of costs is awarded to the respondents-respondents.
In this proceeding pursuant to CPLR article 78, the petitioner, Harry Hitner, challenged a determination of the Town of Patterson Zoning Board of Appeals (hereinafter the ZBA) that a proposed gasoline fueling station is a permitted principal use under the Town Code. In a judgment dated July 7, 2017, the Supreme Court, inter alia, in effect, denied the petition and dismissed the proceeding. This appeal followed.
"[T]he general rule is that a determination of a zoning board of appeals should not be set aside unless it is illegal, arbitrary and capricious, or an abuse of discretion" (Matter of BBJ [*2]Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d 154, 160; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613). "A zoning board's interpretation of its zoning code is entitled to great deference . . . However, where the issue involves pure legal interpretation of statutory terms, deference is not required" (Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d at 160 [citations omitted]). Here, pursuant to our independent review of the law, we conclude that the ZBA's determination complied with the applicable legal principles (see Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904; Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d at 160).
The parties' remaining contentions are without merit.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.

2017-08737 DECISION & ORDER ON MOTION
In the Matter of Harry Hitner, et al., petitioners,
v Planning Board of the Town of Patterson, et al.,
respondents.
(Proceeding No. 1)
In the Matter of Harry Hitner, petitioner-appellant,
v Town of Patterson Zoning Board of Appeals, et al.,
respondents-respondents.
(Proceeding No. 2)
(Index Nos. 2607/16, 3067/16)

Cross motions, inter alia, to strike certain portions of the appellants' appendix and the appellants' brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated May 11, 2018, those branches of the cross motions were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motions and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branches of the cross motions which are to strike certain portions of the appellants' appendix and the appellants' brief are denied.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court