Matter of Bali Two, LLC v Pascale (2024 NY Slip Op 01303)

Matter of Bali Two, LLC v Pascale

2024 NY Slip Op 01303

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-01507
 (Index No. 605083/20)

[*1]In the Matter of Bali Two, LLC, appellant, 
v
Vincent E. Pascale, etc., et al., respondents.

Scheyer & Stern, LLC, Nesconset, NY (Patricia A. Stern of counsel), for appellant.
Rubin Paterniti Gonzalez Rizzo Kaufman LLP, Garden City, NY (Juan C. Gonzalez of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Brookhaven dated April 27, 2020, denying the application of the petitioner for access to the end of Davidson Drive, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered February 17, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the respondent Planning Board of the Town of Brookhaven for a new hearing on the application of the petitioner for access to the end of Davidson Drive, and for a new determination of the application thereafter, in accordance herewith.
The petitioner, Bali Two, LLC (hereinafter Bali), owns a 5.3-acre parcel of land (hereinafter the subject property) in the Town of Brookhaven that abuts Davidson Drive on its north side and Silas Carter Road on its east side. Bali filed an application with the Board of Zoning Appeals of the Town of Brookhaven for area variances associated with subdividing the subject property into four lots, with the westerly two lots having vehicular access via Davidson Drive.
Under the Code of the Town of Brookhaven, Davidson Drive is a "tap street," which is defined as a "dead-end street which may be extended in the future" (Code of the Town of Brookhaven § 85-920). Since Code of the Town of Brookhaven § 85-920 requires an applicant to obtain approval from the Planning Board of the Town of Brookhaven (hereinafter the Planning Board) in order to build at the end of a tap street (see id.), Bali's application was referred to the Planning Board for review. On April 27, 2020, after public hearings, the Planning Board denied Bali's application for access to the end of Davidson Drive.
Bali thereafter commenced this CPLR article 78 proceeding challenging the Planning Board's determination. In a judgment entered February 17, 2021, the Supreme Court denied the petition and dismissed the proceeding. Bali appeals.
Local planning boards have broad discretion in determining applications within their [*2]purview and judicial review is limited to determining whether the planning board's action was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Empire Import-Export of USA, Inc. v Town of E. Hampton Planning Bd., 186 AD3d 1364).
"An abutting landowner may only be deprived of access to a public highway if 'there is available a suitable alternative means of access to a public highway' and the municipality proves that the denial of access is 'reasonably necessary in the interest of public safety or welfare'" (Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d 154, 163, quoting Matter of Syosset Indus. Bldrs. v Town of Oyster Bay Highway Dept., 24 AD2d 763, 763; see also Burger King Corp. v County of Suffolk, Dept. of Pub. Works, 121 AD2d 494, 495). Here, the subject property directly abutted Davidson Drive, a public highway (cf. Matter of Ostojic v Gee, 130 AD3d 927, 929). Yet, while the Planning Board determined that Silas Carter Road provided a suitable alternative means of access to the subject property, it did not consider whether the denial of Bali's application was necessary in the interest of public safety. Therefore, the Planning Board's determination was arbitrary and capricious and affected by an error of law (see generally Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d at 163).
Additionally, the Planning Board improperly relied on a letter it received from residents of Davidson Drive, objecting to the proposed access to Davidson Drive, as Bali was not made aware of the letter until after the close of the public hearing (see Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals of Town of Smithtown, 172 AD2d 755; Matter of Stein v Board of Appeals of Town of Islip, 100 AD2d 590, 590-591). Since Bali was therefore denied an opportunity to rebut the letter, Bali was entitled to a new hearing (see Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals of Town of Smithtown, 172 AD2d at 755-756; Matter of Stein v Board of Appeals of Town of Islip, 100 AD2d at 591).
Bali's remaining contentions are without merit.
Accordingly, we reverse the judgment, grant the petition, annul the Planning Board's determination, and remit the matter to the Planning Board for a new hearing on Bali's application for access to the end of Davidson Drive and a new determination of the application thereafter, in accordance herewith.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court